## BOWEN and others *against* NEWELL, Impl'd, &c.

The law of the place where a draft is made payable governs as to its being payable with or without days of grace.

Accordingly, where a draft drawn and endorsed in New York on a bank in Connecticut was by its terms payable on a specified day, and it was presented and protested for non-payment on that day and notice thereof given to the endorser ; *Held*, That he was liable, it being proved that days of grace are not allowed on such instruments by the law of Connecticut, although it is otherwise by the law of this state.

Bowen *v.* Newell, 2 Duer 584, affirmed.

ACTION in the superior court of the city of New York, against the drawers and endorser of an instrument of which the following is a copy :

$2000.                               NEW YORK, Oct. 5, 1849.

Cashier of Thompson Bank,

Pay Zenas Newell or order, two thousand dollars, on the 12th inst.                               (Signed)

(Endorsed)                               B. SEARLS & SON.

ZENAS NEWELL.

*Newell defended on the ground that he was not charged as endorser. The action was twice tried. [*291 Upon the first trial the plaintiff had judgment, which was reversed by this court. (*See* 4 *Selden,* 190.) The cause was again tried when judgment again was rendered in favor of the plaintiff. (See 2 *Duer's S. C. R.*, 584, for a statement of the case and the reasons of the court below for the judgment.) From this judgment the defendant, Newell, appealed to this court.

The Thompson Bank was a banking institution located and doing business in the State of Connecticut. The drawers of the check were accustomed to keep an account and do business with it. They, as also the endorser and the plaintiffs, did business in the city of New York. The check was.

drawn, endorsed and negotiated to the plaintiffs in that city the day it bears date. It was presented at the Thompson Bank for payment, and payment was there demanded and refused on *the 12th of October*, and notice of such presentment, demand and refusal was then given to the drawers and endorser. The opinion of Johnson, J., states sufficiently the other facts on which the decision of the case in this court depended.

C. T. *Porter*, for the appellant.

*Asa Child*, for the respondents.

JOHNSON, J. When this case was before this court upon a former occasion, its discussion and decision chiefly involved the inquiry, whether, by the law merchant, the instrument declared on was such that days of grace were or were not to be allowed upon it. Upon that question, we were of opinion that it was entitled to days of grace. We were further of opinion, that the usage of the Thompson Bank did not control the rights of the parties in this respect.

As the case now presents itself, it appears that by the law of the State of Connecticut, where this paper was to be *292] *paid, it was payable upon the day when, by its tenor, it became due, without grace. What the law of a foreign country is, can only be determined upon evidence; it is a question of fact. The superior court has decided upon evidence derived from the best sources, and of the most unquestionable character, that such is the law of Connecticut, and we see no ground to doubt the correctness of that conclusion. Nor is there any more room to doubt that by the law of this State, the law of Connecticut is to control and govern in respect to the allowance of grace upon a bill of exchange or check drawn upon and payable at a bank in that State. (*Story Conf. of Laws*, 2d. ed., § 361.)

The judgment should be affirmed.

Judgment accordingly.