URIAH M. LEE and THOMAS MURPHY, Respondents. *v.* GEORGE SELLECK, Appellant.

33 615
128 406

In determining the *lex loci contractus*, the engagements of the maker and indorser of a note are to be treated as independent contracts.

The liability of the maker, on a note executed in New York and payable in Illinois, is controlled by the law of Illinois, the State in which his engagement is to be performed.

The duty of the indorser arises only on default by the maker, and by an unrestricted indorsement in New York to the holders, he undertakes to pay them in the State in which they reside.

An indorsement, written in Illinois for the accommodation of a maker in Wisconsin, but intended to be delivered at New York for the purchase of goods, takes effect as a contract on delivery there, and the liability of the indorser is to be determined by the law of New York, and not by the statutes of Illinois.

Under the Illinois statutes, the holders of a promissory note are not bound to pursue their remedy against the maker in the courts of another State, as a condition precedent to recovery against the indorser.

THE appeal is from an order of the Supreme Court at the General Term in the second district, reversing the judgment at Special Term, in favor of the defendant, and granting a new trial. The case, as decided in that court, is reported in 32 Barbour, 522.

The appellant was sued in this State as indorser of a promissory note for $3,378.75, made in August, 1857, and pay-

able eight months after date, at George Selleck's bank, Morris, Illinois, with current exchange on New York.

The facts material to the issue, as found by the judge, are substantially these:

The note at maturity was duly presented and protested, and due notice was given to the indorser.

At the date of the note, and ever since that time, the maker, Benjamin Selleck, was solvent, and resided at Beloit, in the State of Wisconsin. He made the note in the city of New York, and forwarded it thence for indorsement to George Selleck, who resided at Morris, Illinois. The appellant wrote his indorsement there, and transmitted the note by mail to the maker at Beloit, who mailed it to the plaintiffs at New York. They received it in that city with the appellant's indorsement thereon.

The note was given for goods sold and delivered by the plaintiffs to Benjamin Selleck, on an agreement that he would give his note with this indorsement, and the plaintiffs received it about ten days after the delivery of the goods.

By the statute of Illinois then in force, the effect of such an indorsement, if all the parties had been residents of that State, and the contract had been concluded there, would be to bring the case within the following provision, the indorser being regarded as the plaintiffs' assignor:

" Every assignor or assignors, or his, her, or their heirs, executors, or administrators of every such note, bond, bill or other instrument in writing, shall be liable to the action of the assignee or assignees thereof, or his, her, or their executors or administrators, if such assignee or assignees shall have used due diligence, by the institution and prosecution of a suit against the maker or makers of such assigned note, bond, bill or other instrument of writing, or against his, her, or their heirs, executors, or administrators for the recovery of the money or property due thereon, or damage in lieu thereof; *provided*, that if the institution of such suit would have been unavailing, or that the maker or makers had absconded or left the State, when such assigned note, bond, bill or other instrument in writing became due, such assignee or assignees,

or his, or her executors or administrators, may recover against the assignor or assignors, or against his, or their heirs, executors or administrators, as if due diligence by suit had been used."

The following were the judge's conclusions of law applicable to these facts:

1. That the law of the State of Illinois governs the contract of indorsement of said note, and the liability of the indorser.

2. That the fact that the note was sent by the indorser by mail, to the maker in Wisconsin, and by him forwarded by mail to the plaintiffs in New York, does not make the contract of indorsement a New York or Wisconsin contract, governed by the law of either of those States, but the indorsement is governed by the laws of Illinois.

3. That the residence of the maker, Benjamin Selleck, in Wisconsin, at the time of the making and indorsement of said note, does not relieve the plaintiffs from the necessity of prosecuting the maker at law, before resorting to the indorser.

4. That the plaintiffs have not used due diligence by the institution and prosecution of a suit against Benjamin Selleck, the maker, it not appearing that the institution of such suit would have been unavailing.

5. That the plaintiffs, on the evidence, are not entitled to recover against the defendant, George Selleck, and that the said George Selleck is entitled to judgment against the plaintiffs for his costs.

To each of these conclusions the plaintiffs duly excepted.

A new trial having been granted at the General Term, the appellant stipulates that if the order be affirmed, judgment absolute shall be rendered against him.

*E. L. Fancher*, for the appellant.

*Levi S. Chatfield*, for the respondent.

PORTER, J.   If the contract of the indorser was made in the city of New York, and in contemplation of its performance there, the plaintiffs were entitled to judgment.   The

note, though made in New York, was payable in Illinois; and its legal effect, so far as the maker was concerned, depended on the law of that State. The engagement of the indorser, though auxiliary in its character, was an independent contract; and it could only be fulfilled by direct payment to the plaintiffs, who were residents of the city of New York. The maker reserved the right to pay the note when it matured, at the bank of the appellant in Illinois. A qualified indorsement would have secured a similar right to the appellant; but as he made no such stipulation, in respect to the performance of his own conditional engagement, he was bound by the general rule of commercial law to fulfill it at the residence of the plaintiffs, unless he could find them elsewhere. (*Everett* v. *Vendryes*, 19 N. Y., 437.) His undertaking had its inception in this State as a subsisting contract. The fact that he wrote his name in Illinois is of no moment, if the engagement was consummated elsewhere. The note, with his indorsement in blank, was intrusted to his own agent for delivery to the plaintiffs in New York; and it was only on such delivery that it became operative as a mutual contract. (*Cook* v. *Litchfield*, 5 Seld., 280, 290; *Hyde* v. *Goodnow*, 3 Comst., 270.) It is clear, therefore, that the nature and extent of his liability depend on the law of New York, and not on the statutes of Illinois.

We are also of opinion, that upon the facts found the appellant would be liable to the plaintiffs, even under the provisions of *those* statutes. The liability of the assignor is fixed, without resort to a previous suit against the maker, where such a suit would be unavailing. The maker resided in Wisconsin, and the holders of the paper were not bound to pursue him into a foreign jurisdiction, as a condition precedent to recovery against the indorser in Illinois. (*Schuttler* v. *Piatt*, 12 Ill., 417; *Olcott* v. *Tioga Railroad Company*, 20 N. Y., 210.)

The order of the Supreme Court should be affirmed, with judgment absolute for the plaintiffs.

All the judges concurring,

Judgment affirmed.