CIRCUIT COURT FOR MULTNOMAH COUNTY, FEBRUARY TERM, 1872.

## A. P. ANKENY *et al. v.* MULTNOMAH COUNTY.

A NOTE payable at a specified place in this state is an "indebtedness within this state," within the meaning of the revenue law, notwithstanding the owner of the note may be a non-resident and absent.

THIS case comes before the court upon a writ of review, directed to the county court, sitting as a court for the transaction of county business. The parties submitted an agreed statement of facts to the following effect:

The petitioners were assessed in 1871 for certain lots of land owned by them, valued at $64,000. At the time of the assessment the petitioners were indebted in the sum of $10,000 upon a promissory note, secured by a mortgage on a portion of the said land, valued at $24,000. The note was made payable to A. R. Eddy, at the bank of British Columbia, in Portland, Oregon; and the said Eddy was not in Oregon nor a resident of the state.

Both the assessor and the county court refused to deduct the indebtedness secured by the note and mortgage from the valuation of the petitioners' property.

*Shattuck & Killin,* for the petitioners.

*A. C. Gibbs,* district attorney.

UPTON, J. The statute (Gen. L. p. 628. sec. 1, amended in 1865) provides that the assessor shall "deduct the amount of indebtedness within this state of any person assessed."

The case presents the question whether the amount specified in a note, which is payable at a particular place in this state, should be deducted, notwithstanding the owner of the note may be absent from and a non-resident of the state.

In *Johnson* v. *Oregon City* (2 Oregon, 327) it was held in this court and on appeal, that the place where a promissory note is taxable, depends on the residence or location of the

owner of the note, and not upon the place where the paper, which is the evidence of the indebtedness, may be temporarily deposited.

The district attorney claims that, upon the principles there laid down, the indebtedness under consideration follows the person of Mr. Eddy, the owner of the note.

The counsel for the petitioners claim that, by stipulating in the note for a particular place of payment, the parties have limited the character of the contract in this particular, and that this note does not evidence an indebtedness which the owner of the demand can carry out of the state at his will.

It is certain that the words fixing a place of payment do affect the nature of the contract in some respects. They limit the rights and liabilities of the parties in several particulars, and the place of payment is a material part of the contract. (*Bowen* v. *Newell*, 13 N. Y. 290; *Troy City Bank* v. *Lauman*, 19 N. Y. 477; *Lee* v. *Selleck*, 33 N. Y. 615.)

If the case turned upon the same point that was before the court in *Johnson* v. *Oregon City*, the decision there made would settle the question in favor of the county; but the statute should not receive the same construction it would have borne if the legislature, in defining the exemption, had used the words, "the amount of indebtedness *that is taxable in this state.*" It is not in the power of the holder of the note to change the place of payment; the petitioners have by their contract reserved the right to transact the business in this state, and to prevent a cause of action from arising upon this note in any other state. If the terms of the contract are carried out, the money that is payable will be in this state after it has left the hands of the makers of the note, and will be subject to the payment of any taxes the state may impose upon it.

I think by the terms of the statute the amount of the note should be deducted from the petitioners' assessment; and a judgment will be entered to that effect.