## JOHNSTON v. GAWTRY *et al.*, *Appellants.*

1. **Promissory Note:** PLACE OF CONTRACT. The state in which a note is made payable and in which it is delivered in consummation of a bargain, is the place of the contract, although the note was executed in another state.

2. **Law of Sister State:** PRESUMPTION. In an equity proceeding in the courts of this state it will be presumed, in the absence of evidence to the contrary, that the equity doctrine of a sister state which has an equity system of jurisprudence, is the same as that of the *forum*.

3. **Married Women:** SEPARATE ESTATE: FOREIGN CONTRACT: LEX FORI. A married woman in this state is deemed a *feme sole* for the purpose of charging her separate estate with the payment of a debt, and in an action to enforce her foreign contract against her separate estate in this state the law of the *forum* governs as to her power to make the contract and as to its validity.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Krum & Jonas* for appellants.

The contract sued on as alleged in the petition is a contract of a *feme sole* and it must be construed and its force and effect declared according to the laws of the state where it was made. Sureties, endorsers and guarantors are liable only according to the law of the place where their contract is made. Wharton's Conflict of Laws, sec. 439; Story's Conflict of Laws, secs. 278, 279; *Aymar v. Sheldon,* 12 Wend. 439. The contract sued on could not be enforced by the courts of New Jersey because the statute prohibits its making. *Vankirk v. Skil-*

*lum,* 5 Vroom (N. J.) 109 ; *Peake v. Lahan,* 6 C. E. Green 269 ; *Wooley v. Sargent,* 3 Hal. 262. Being void in New Jersey where it was made, it is void everywhere. The respondent can only recover on the facts and upon the case stated in his petition. He alleges that the appellant, Anne E. Gawtry, had no authority to make the contract in question unless by the laws and equity jurisprudence of the state of New York, she was authorized to make it. But this court cannot take judicial notice of the laws of another state. If the indorsement or con·tract in question was made either in New York or New Jersey, this court cannot construe it or determine the liability of the appellant or her property by the laws of the state of Missouri. The courts of this state will not execute or enforce by decree or otherwise the contract of a married woman made in another state against her separate property situated in this state.

*W. H. Clopton* also for appellants.

The contract was a New Jersey one as between Mrs. Gawtry and Johnson. *Green v. Collins,* 3 Clif. 507 ; Story on Conflict of Laws, secs. 242, 272 ; *Andrews v. Pond,* 13 Pet. 65 ; *Bank v. Donnelly,* 8 Pet. 361. Being a New Jersey contract it must be construed according to the laws of New Jersey. Story on Conflict of Laws, sec. 242 *a.* A contract void where made is void everywhere. *Moore v. Clopton,* 22 Ark. 125 ; *Kennedy v. Cochran,* 65 Me. 594 ; *McDaniel v. R. R.,* 24 Ia. 417. Mrs. Gawtry was an accommodation indorser, and under the New Jersey statute the indorsement was invalid. If allowed to recover in our courts, plaintiff must prove the law of New York as any other fact. Wharton on Conflict of Laws, sec. 439 ; *Flato v. Mulhall,* 72 Mo. 522 ; *Church v. Hubbart,* 2 Cranch 236. The rule that the courts of one state assume, until the contrary is shown, that the law of another state is the same as that of the *forum* does not obtain in equity cases. Gardner's Inst. Am.

Int. Law, 310 and 311. Mrs. Gawtry had separate estate in New York and must be presumed to have intended only to bind it by the indorsement of the note. Her intention to charge a particular separate estate must be gathered from the contract itself and not from extraneous evidence. *Kimm v. Weipert*, 46 Mo. 532; *Davis v. Smith*, 75 Mo. 225; *Kleuke v. Kœltze*, 75 Mo. 245; *Payne v. Bambaur*, 62 N. Y. 74. An unauthorized alteration of a promissory note after indorsement will relieve the indorser of all liability. *Iron Mt. Bk. v. Murdock*, 62 Mo. 70; *Capital Bk. v. Armstrong*, 62 Mo. 59.

*N. Holmes* for respondent.

The decree is unobjectionable in point of form, and the facts specifically found by it support the relief granted. Mrs. Gawtry had a separate estate and her contract in reference to the other parties to the instrument is that of a joint promissor or joint maker, and of a surety for the maker to the payee. *Powell v. Thomas* 7 Mo. 440; *Lewis v. Harvey*, 18 Mo. 74; *Kuntz v. Temple*, 48 Mo. 26; *Good v. Martin*, 5 Otto 90; *Chadwick v. Vanness*, 35 N. J. 525. The proof is clear that Mrs. Gawtry's signature for the purpose of being delivered and negotiated to the payee in the city and state of New York, and such place of delivery is the one where the note first became a complete contract and is the place of the contract; wherever signed it is the place of contract and the validity of the contract is to be governed by the law of New York. *Lawrence v. Bassett*, 5 Allen 140; *Lee v. Sellick*, 33 N. Y. 615; *Cook v. Litchfield*, 5 Sandf. 337. This rule governs in the case of a married woman. *Pearl v. Hamborough*, 9 Humph. 426; *Nixon v. Halley*, 78 Ill. 615; *Adams v. Hanness*, 62 Barb. 336. No proof was made of any law of New York different from our own equity doctrine as to the validity of Mrs. Gawtry's indorsement, and in the absence of such proof by the party

asserting it, the presumption is that the laws of both states are the same. *Monroe v. Douglass*, 5 N. Y. 452; *Chapin v. Dobson*, 78 N. Y. 79; Westlake's Priv. Int. Law, art. 410; 11 Cl. & Fu. 85. The contract was valid in equity. *Whitesides v. Cannon*, 23 Mo. 457; *Tuttle v. Hoag*, 46 Mo. 43; *Schafroth v. Ambs*, 46 Mo. 116; *Miller v. Brown*, 47 Mo. 508; *Meyers v. Van Wagoner*, 56 Mo. 115; *Morrison v. Thistle*, 67 Mo. 600. As to rules of evidence, it is the universal rule that whatever concerns procedure, remedy, or evidence (not going to the validity of the contract where made), is governed by the law of the place of trial (the *lex fori*); and this comprises: (1) competency of witnesses; (2) the kind of evidence, oral or written, parol or under seal, that is admissible; and (3) the sufficiency of the evidence to prove certain facts. *Bain v. Whitehaven R. Co.*, 3 H. of L., 1, 19; *Hoadley v. Transp. Co.*, 115 Mass. 304; *Harrison v. Edwards*, 12 Vt. 648; *Downer v. Cheesborough*, 36 Conn. 39; *Bristowe v. Sequeville*, 5 Excheq. 275; Westlake on Priv. Int. Law, art. 412; Story on Confl. Laws, §§ 634 *a*, 635 *e*, 260, 262.

NORTON, J.—This suit was instituted in the circuit court of the city of St. Louis for the purpose of charging the separate real estate of defendant, Anne E. Gawtry, a married woman, with the payment of a note indorsed by her for $10,079.69. On the trial a judgment and decree was rendered for plaintiff in conformity with the prayer of the petition, which on appeal to the St. Louis court of appeals was affirmed, from which judgment of affirmance defendants have appealed to this court. The opinion of the court of appeals is reported in 11 Mo. App. 322, and it is there held that the state in which a note is made payable, and in which it is delivered in consummation of a bargain, is the place of the contract, though the note is executed in another state; that in an equity proceeding in the courts of this state, where nothing to the contrary appears, it will be presumed that

the equity doctrine of a sister state is the same as that of the forum, where the courts of both states have an equity jurisdiction ; that a married woman in this state is deemed a *feme sole* for the purpose of charging her separate estate with the payment of a debt, and in an action to enforce her foreign contract against her separate estate in· this state, the law of the forum governs as to her power to make it and its validity.   These principles, we think, are abundantly sustained by the authorities referred to in the opinion of the court of appeals, and the following authorities not therein cited : Story on Conflict of Laws, 242, 280 ; Dan. on Neg. Inst., sec. 868 ; *Davis v. Clemson*, 6 McLean, 622 ; *Cook v. Litchfield*, 5 Sandf. 337 ; *Lee v. Sellick*, 33 N. Y. 615 ; *Lawrence v. Bassett*, 5 Allen 140.   The above principles were properly applied to the facts of this case by the court of appeals, and its judgment affirming the judgment of the circuit court is hereby affirmed.   All concur, except Judge Sherwood, absent.