# McGarry *et al.* v. Nicklin.

*Action on a Promissory Note.*

1. *Promissory note; place of execution of note.*—Where the payee of a note residing in another State, sends, to be signed by the maker, a note filled out and dated as at the maker's place of residence in this State, and payable at the payee's place of residence, and which contains certain conditions, and upon the receipt of such note, the maker erases the conditions therein, and as thus changed signs the note and mails it to the payee, who accepts it in its changed condition, such note is made and executed at the payee's place of residence, and is governed by the law of that State.

2. *Same; same; facts of this case.*—The maker of a note who was a resident of this State, wrote to the payee, a resident of Tennessee, requesting that he be allowed to renew his note on payment of the accrued interest and the giving of a new note. In compliance with this request, the payee prepared a renewal note, dated at the maker's place of residence, but payable in Tennessee, and which provided for the payment of attorney's fees and costs of collection in the event suit was brought thereon, which note was sent to the maker for his signature in a letter requesting that the accrued interest on the former note be paid at once. The maker erased the provision of the renewal note, as to the payment of attorney's fees and costs of collection, and, as thus changed, signed said note and mailed it to the payee, postage prepaid, without the payment of the accrued interest, and requested the payee to credit the old note with the new note, and retain the former until the accrued interest should be paid. The payee assented to this and accepted the note as altered. *Held*: The contract evidenced by the renewal note was consummated, and the note itself executed, in Tennessee, and is governed by the laws of that State.

3. *Same; note void in the State where it is executed, void in this State.*—A note which is void at the place of its execution and under the law of the contract evidenced thereby, is void in this State, and can not be enforced in our courts, notwithstanding the fact that had the contract been made in this State, it would have been valid and enforceable.

[McGarry *et al.* v. Nicklin.]

4. *Same; same; usury.*—Where a note executed in Tennessee by a resident of that Sate, provides for the payment of interest on the indebtedness evidenced by the note at the rate of 8 per cent. the contract as evidenced by such note is, under the statutes and decisions of the State of Tennessee, illegal and void—the legal rate of interest in the State of Tennessee being 6 per cent; and the law of that State being the law of such contract in respect to its validity, the note is also void in this State, and can not be enforced.

APPEAL from the District Court of Lauderdale.

Tried before the Hon. W. P. CHITWOOD.

The facts of the case are sufficiently stated in the opinion.

SIMPSON & JONES for appellants.—If a bill or note is payable in a particular place, it will be treated as if made there, without reference to the place at which it is written, signed or dated. The presumption is, that the place of performance is the place of contract; and this even though it bears date at a place other than the place of performance.—2 Parsons on Bills & Notes, pp. 324-326; *Mason v. Dousay*, 85 Amer. Dec. 368; *Hyde v. Goodnow*, 3 N. Y. 266; *Lewis v. Headley*, 87 Amer. Dec. 227; *Andrews v. Pond*, 13 Peters 65; *Ferdyce v. Nelson*, 91 Ind. 450; Story on Promissory Notes (6th ed.), § 165; 1 Randolph on Com. Paper, § 28.

The *lex loci contractus* depends, not upon the place where the bill or note is made, drawn or dated, but upon the place where it is delivered from drawer to drawee, from promissor to promisee, from indorser to indorsee. "A note is nothing until it is delivered."—Daniels on Neg. Instr. (4th ed.), § 868; 2 Parsons on Notes & Bills, pp. 324-326; *Cook v. Moffat*, 5 How. 295; *Freese v. Brownell*, 10 Amer. Rep. 239; *Gay v. Rainey*, 31 Amer. Rep. 76; *Young v. Harris*, 61 Amer Dec. 170; *Lee v. Selleck*, 33 N. Y. 615; *Hyde v. Goodnow*, 3 N. Y. 266; *A. F. L. M. Co. v. Sewell*, 92 Ala. 170; *Burns & Co. v. Moore*, 76 Ala. 339; *Muller v. Pondir*, 14 Amer. Rep. 265; *Murphy v. Collins*, 121 Mass. 6.

The place of making a contract is where it first becomes a binding engagement; where the minds of the parties meet. Intimately connected with this rule, is the law of contract by letter.—2 Parsons on Notes & Bills, 327; 3 Amer. & Eng. Encyc. of Law, 547; 2 Parsons on Contracts, (7th ed.); 528; Lawson on Contracts,

[McGarry *et al.* v. Nicklin.]

(1893), § 32; *Cook v. Moffat*, 5 How. 295; *Dord v. Bonnaffee & Co.*, 54 Amer. Dec. 573; *Whiston v. Stodder*, 13 Amer. Dec. 281; *Johnston v. Gawtry*, 83 Mo. 339; *Milliken v. Pratt*, 28 Amer. Rep. 241; *Bell v. Packard*, 31 Amer. Rep. 251; *Scudder v. Union Nat. Bank*, 91 U. S. 406; *Wasserboehr v. Boulier*, 30 Amer. St. Rep. 344; *Staples v. Nott*, 26 Amer. St. Rep. 480; *Hyde v. Goodnow*, 3 N. Y. 266.

A contract dated on Sunday, does not, when it is delivered on a subsequent week day, refer back to the day of its date, but relies for its validity on the day of delivery. *A fortiori* would a proposition made to a party in another State, subject to acceptance or rejection there, not refer back to the State where made, and be construed according to its laws.—*Burns v. Moore*, 76 Ala. 339; *Flanagan v. Meyer & Co.*, 41 Ala. 132; Parsons on Contracts, (7th ed.), 763; *Wasserboehr v. Boulier*, 30 Amer. St. Rep. 334; *Dord v. Bonnaffee & Co*, 54 Amer. Dec. 573; 2 Parsons on Notes & Bills, 327.

THURSTON H. ALLEN and THOS. R. ROULHAC, *contra*. There are many decisions, which hold that a note, or other contract, made in one State and payable in another, may, by agreement, bear the interest of either State, without affecting the contract with usury, on which the judgment in this case might well be relied in any aspect of the evidence.—*Hunt v. Hall*, 37 Ala. 705; Story on Bills, §§ 148, 149; 1 Dan. Neg. Instr., §§ 922, 923; 1 Randolph on Com. Paper, 28, 30; *Bullard v. Thompson*, 35 Tex. 318; *Chapman v. Robertson*, 6 Paige 627, 634; *Pratt v. Adams*, 7 Paige 615, 630; *Vliet v. Camp*, 13 Wis. 198; 11 Amer. & Eng. Encyc. of Law, 418; *Cromwell v. Sac*, 96 U. S. 61; *Adams v. Robertson*, 37 Ill. 45; *Mortgage Co. v. Sewell*, 92 Ala. 171.

A renewal of a note is governed by the same rules, as the ones which control the original note, for which it is substituted. If the contract was valid when and where made, the parties may agree for the rate of interest of the place of making or performance; and, if that was the case with the original note, it would be so with the renewal.—*Mortgage Co. v. Sewell*, 92 Ala. 171.

McCLELLAN, J.—This suit is prosecuted by Nicklin against McGarry *et al.* on a promissory note. The note

was signed by the defendants at Florence, Ala., and is payable at the People's Bank of Chattanooga, Tennessee. A prominent, and indeed, as we shall see, the controlling question in the case is as to whether the obligation is an Alabama or Tennessee contract. The facts in legal effect bearing upon that issue may be stated as follows : Originally a corporation of which the defendants were stockholders executed at Florence, Ala., where it was also payable, a note to one Foster which was by Foster endorsed to one Chandler, who discounted it with the plaintiff in due course of trade. On the maturity of this note, it was renewed, with the defendants as accommodation indorsers thereon. This renewal note was signed, indorsed and dated at Florence, Ala., but was delivered to and accepted by plaintiff at Chattanooga, Tennessee, where it was payable, an officer of the maker corporation going to the latter place in person to arrange for said renewal, taking this note with him, and there arranging for the renewal and delivering the note accordingly. This note was in turn renewed by a note dated at Florence, payable at People's Bank, Chattanooga, bearing 8 per cent. interest on its face, and signed by the defendants, being like the note in suit except as to date. On the maturity of this note the defendants desired to again renew it, and one of them—Jordan— wrote thus to the plaintiff : "I think I can give you the same paper, with another name on it, that of W. P. Campbell, if you will renew it for six months on payment of the interest accrued," and asked a reply. Plaintiff replied accepting Jordan's proposition to pay interest and renew the note, and inclosing the form of a note, which, as originally printed, specified Chattanooga as the place of execution and also stipulated for interest at the "legal rate." The words "Chattanooga, Tenn." in the date line and "legal rate" in the body of the paper were marked out by plaintiff, and the words "Florence, Ala." substituted for the former, and "8%" for the latter, before the form was sent to the defen- dants. The letter of plaintiff accompanying this paper requested that the interest accrued on the former note be paid at once, and that the note as made out and in- dorsed be signed and returned. The paper as sent to and received by the defendants contained this stipula- tion : "If suit is brought on this note, I agree to pay all

the attorney's fees and costs of collection." Before signing, the defendants erased or struck out, by drawing a line through them, the words : "I agree to pay all attorney's fees and costs of collection," and added to the paper this memorandum : "Renewal Foster M'f'g. Co. note." With this erasure and this addition they signed the paper, had W. P. Campbell to indorse the same, and mailed it to plaintiff at Chattanooga, inclosed in a letter written by Jordan in which he states he has been unable to get the money to pay the accrued interest on the old note but will pay it soon, and asks that the amount of the new note be credited upon the old, and the latter so credited be held for the unpaid interest. The paper thus changed reached the plaintiff at Chattanooga in due course of mail and was accepted by him there as the contract between him as payee, the defendants as makers and Campbell as indorser. On these indisputed facts it is too clear for much discussion that the contract evidenced by this note was consummated at Chattanooga, Tennessee, and, being also payable there, was in every sense and for all purposes a Tennessee contract. The paper sent by the plaintiff to the defendants to be signed and indorsed was essentially a proposition involving certain specified terms. Had it been signed without alteration and then remailed at Florence to the plaintiff at Chattanooga, the contract evidenced by it would have been consummated at Florence by the unqualified acceptance there of plaintiff's proposition evidenced by signing the note containing the terms of that proposition and by delivering the paper thus signed into the mail, which, postage being prepaid, would have been an efficacious delivery to the plaintiff, whereby execution of the note would have been consummated. But this did not happen. The defendants did not accept plaintiff's proposition ; but submitted to the plaintiff at Chattanooga a counter proposition for his acceptance or rejection at that point. They in effect said we will not agree to pay the debt *and attorney's fees and costs of collection,* as you propose, but we will agree, as set forth in the accompanying note, to pay the debt only, and we inclose said note as our proposition counter to yours for your consideration, and acceptance or rejection. Again, plaintiff's proposition was upon the condition that the defendants

*presently* pay the interest which had accrued on the existing note. This condition was not met by the defendants, but another was submitted in its stead : that they would pay the interest as soon as practicable in the future, and that in the meantime plaintiff should hold the original note credited with the amount of the renewal note as security for the past due interest. Had there been no change in the paper itself this failure to meet plaintiff's proposition in respect of the interest, and this submission to the plaintiff at Chattanooga of a counter proposition in that regard, would have left the whole matter open until the plaintiff received the note and the proposition as to interest at Chattanooga and there assented to it, whereby the receipt of the note would have constituted its delivery to him, or rejected it, whereby the whole matter would have been set at large. With these new matters injected into the negotiation by the defendants, the case stands in principle as if without previous communication the defendant had proposed by letter addressed to the plaintiff at Chattanooga to renew the existing note as to its principal by a new note, and had to that end inclosed to the plaintiff for his acceptance or rejection a paper in the form of a note dated and signed by them at Florence, but payable at Chattanooga, and this paper had been delivered to and accepted by the plaintiff at Chattanooga. Upon these facts, which are in legal effect the facts of this case, the note is essentially and for all purposes a Tennessee contract because it is not only payable in that State but also was executed—made—in that State.— Story on Conflict of Laws, §§ 242, 242*a*, 280, 291, 292, 293, 293*a*, 293*b*, 296–306 ; 3 Am. & Eng. Encyc. of Law, pp. 546–549, 561–563 ; Parsons on Notes & Bills, pp. 324– 327 ; *Young v. Harris*, 61 Am. Dec. 170 ; *Lee v. Selleck*, 33 N. Y. 615 ; *Hyde v. Goodnow*, 3 N. Y. 266 ; *Murphy v. Collins*, 121 Mass. 6 ; *Rindskopf v. DeRuyter*, 33 Am. Rep. 340 ; *Bell v. Packard*, 31 Am. Rep. 251 ; *Millekin v. Pratt*, 28 Am. Rep. 241 ; 1 Daniel Neg. Inst., §§ 868 *et seq.*; *Andrews v. Pond*, 13 Pet. (U. S.) 65 ; *Cowles v. Townsend & Milliken*, 37 Ala. 77 ; *Evans v. Kittrell*, 33 Ala. 449 ; *Broughton's Admr. v. Bradley*, 36 Ala. 689 ; 2 Parsons on Contracts, pp. 696 *et seq.; Backman v. Jenke*, 55 Barb. (N. Y.) 468; *Johnston v. Gawtry*, 83 Mo. 339 ; Story on

Promissory Notes, §§ 155 *et seq*, 165 ; 1 Randolph Com. Paper, § 28.

On the trial below, the defendants pleaded that this is a Tennessee ·contract, and that it was void under the laws of that State for that it stipulates for the payment of a greater rate of interest than is allowed by·those laws ; and in support of the plea certain sections of the Code of that State and decisions upon them by its court of last resort were adduced in evidence. The statutes thus relied on and proved are the following :

"§ 2700. Interest is the compensation which may be .demanded by the lender from the borrower, or the creditor from the debtor, for the use of money.

"§ 2701. The amount of said compensation shall be at the rate of six dollars for the use of one hundred dollars for one year ; and every excess over that rate is usury.

"§ 5622. No person shall receive by way of compensation for the use of money more than at the rate of six dollars for the use of one hundred dollars for one year.

"§ 5623. The punishment of this offense shall be a fine, in no case less than ten dollars, nor more than the amount of the usury received, to be ascertained by the jury. In case the defendant plead guilty to the charge, or judgment go against him on a plea in abatement, a jury shall be sworn to ascertain the amount of usury received."

And it was further shown by another section of the Code that the word "person" used in section 5622 includes a corporation. The adjudged cases put in evidence were *Thompson v. Collins, Kellogg v. Kirby*, as reported in 2 Head, 441, and *Isler, Admr. v. Brunson*, as reported in 6 Humph. 277. In these cases, it is held by the Supreme Court of Tennessee that under the statutes we have quoted a contract for the payment of money in that State which contains a stipulation for the payment of interest at a greater rate than six dollars for one hundred dollars—or six per cent—is illegal and void, and will not be enforced in the courts. The note sued on here contains an express stipulation· for the payment of eight per cent. interest on the debt evidenced by it. We have seen that not only was it to be paid in Tennessee, but also that it was made there. The law of that State

is, therefore, the law of this contract in respect of its validity *vel non*. By that law and in that State it is void, and this upon principles which are not only not offensive to our laws and public policy, but which, to the contrary, are given like effect upon similar contracts made in this State.—*Youngblood v. Birmingham Trust & Savings Co.*, 95 Ala. 521. The note, being void at the place and under the law of the contract, is void in Alabama, and everywhere else, and will not be enforced in our courts, (Authorities *supra;* Story on Conflict of Laws, §§ 243, 291, 292, 296; 3 Am. & Eng. Encyc. of Law pp. 552–53); and this, of course, though had the same contract been made in this State, it would have been valid and enforceable in our tribunals.—*McAlister v. Smith*, 17 Ill. 328 ; *Yerger v. Rains*, 4 Humph. (Tenn.) 259.

The principle invoked by plaintiff that where a contract for the payment of money is executed in one State or country, and is by its terms to be performed in another, the parties may therein stipulate for any rate of interest allowed by the laws of either such State or country (*Hunt's Extr. v. Hall*, 37 Ala. 702 ; *Cubbedge, Hazlehurst & Co. v. Napier*, 62 Ala. 518) can have no application here, since this contract was both executed and to be performed in the State of Tennessee.

The trial below was without a jury. The district judge on the evidence found for the plaintiff, and judgment was entered up accordingly. There was exception taken to this finding and judgment, presenting the case for trial *de novo* on the facts.—Acts 1890–91, pp. 605 *et seq.*, § 8. The trial judge erred in applying the law to the undisputed facts ; and we are constrained to reverse the judgment of the district court. A judgment will be here entered for the defendants.

Reversed and rendered.