only the lien survives, but he has perforce relieved himself from any liability. He was bound, however, to sell them subject to the lien, in the absence of any consent on the part of the lienor. The argument of the appellant would suggest an easy method to avoid the statute, and so to relegate the lienor to perhaps a fruitless remedy, while the client, the principal debtor, with the tangible proceeds of the judgment in his hands, goes free. The courts neither revive nor keep alive judgments to make the payment of the debt doubtful, but to assure it. The authorities cited by the appellant are, for the most part, decisions under the statute prior to the drastic amendment of 1879, and his argument would, in effect, nullify that amendment.

Nor can the appellant be heard to say that the $90 was not gained by supplemental proceedings as contemplated by the order of April 18th, for he himself has put the condition beyond performance by his sale of the judgments. The stipulation relied upon by the appellant to the effect that the attorney must point out the judgment debtors, and request proceedings, was not signed by the attorney, nor is there sufficient proof of his acquiescence therein. Upon the record the sole stipulation between the parties is that made in open court at a later date, and embodied in the order of April 18th. The amount of the costs was a definite sum. The practice of the attorney was warranted. Peri v. Railroad Co., supra; section 66, Code Civ. Proc., as amended by chapter 61, Laws 1899. We think that the order of the learned special term should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.

---

## UNION NAT. BANK OF CHICAGO v. CHAPMAN et al.

(Supreme Court, Appellate Division, Fourth Department. May 22, 1900.)

BILLS AND NOTES—VALIDITY—LAWS GOVERNING PLACE OF INCEPTION—PLACE OF PERFORMANCE.

> Defendant, as surety, signed a note executed in Alabama by a firm of which her husband was a member, payable to one of the members of the firm, with the intention that it should be taken by him to Chicago for discount for the benefit of the firm. The note was by its terms payable in Chicago, and was taken by the payee to that city, and there discounted by him, and the proceeds used for firm purposes. *Held*, that the note is to be regarded either as having had its inception in Illinois, or as having been executed in Alabama with the intention that it should be performed in Illinois; hence its validity is to be determined by the laws of the latter state.
>
> McLennan, J., dissenting.

Appeal from trial term, Monroe county.

Action by Union National Bank of Chicago against Elizabeth J. Chapman and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

This case has been twice tried. Upon the first trial a judgment was obtained against William P. Chapman and Elizabeth J. Chapman, his wife, the only defendants who had been served or had appeared in the action; but on appeal to this court that judgment was reversed as to Mrs. Chapman, and modified as to her husband. The case is reported in 7 App. Div. 450, 39 N. Y.

Supp. 1051, by reference to which it will be seen that the action was brought upon a promissory note of $5,000 made by the firm of Chapman, Reynolds & Co., and by the individual members of that firm to the order of E. P. Reynolds, Jr., who was also a member of the firm. This note was made at Tuscumbia, Ala., on May 1, 1894, and prior to its delivery to the payee therein named it was signed by Mrs. Chapman, and also by Ella Howard, who was the wife of another member of the firm. Mrs. Chapman had no interest in the partnership of Chapman, Reynolds & Co., and her relation to the note was that of surety only. What Mrs. Howard's relation was does not appear, but presumably it was the same as Mrs. Chapman's. Upon the first trial it was virtually conceded that the note had its inception in Alabama, and, such being the case, it was held by this court that, under the law of that state, no recovery could be had against Mrs. Chapman. Subsequently the plaintiff was permitted to amend its complaint in such manner as to set forth the facts and circumstances under which it was claimed that the note was executed, and upon the second trial the principal questions litigated related to the time when, and the place where, it had its inception. The learned trial court found, and the evidence in the case amply supports the finding, that at the time of making the note the firm of Chapman, Reynolds & Co. was engaged in the construction of a lock in the Tennessee river, in the state of Alabama, under a contract with the United States government; that while such work was in progress Mr. and Mrs. Chapman were residing temporarily in Tuscumbia, in that state, but that their actual residence was at Watkins, in the state of New York; that such note was executed and delivered to the payee, E. P. Reynolds, Jr., for the purpose of raising funds for the use and benefit of his firm, and to enable it to pay its debts and continue its work for the government in the state of Alabama; that Mrs. Chapman, when she signed the note, was aware of the purpose for which it was to be used, but had no knowledge as to where it was to be discounted, save such as she obtained from the face of the paper itself; that within a few days after the note was signed it was taken by the payee, E. P. Reynolds, Jr., to Chicago, who, after indorsing it, delivered it to the plaintiff; that the avails thereof, which were obtained from the plaintiff, were used exclusively for the benefit of the firm of Chapman, Reynolds & Co.; and that at the time the note was signed by Mrs. Chapman it was the intention of the makers thereof that it should be negotiated and executed at the city of Chicago, in the state of Illinois. Upon these facts, together with some others to which it is unnecessary to refer in this connection, the conclusion was reached that the note in suit had no inception until it was delivered to the plaintiff in the state of Illinois, and that the appellant Mrs. Chapman became liable to pay the same at its maturity.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

O. P. Hurd, for appellants.

John A. Barhite, for respondent.

ADAMS, P. J. Certain questions which arose in this case upon the former appeal were then disposed of to the apparent satisfaction of both parties, and therefore, for the present at least, they may be regarded as removed from the realm of controversy. One of the questions thus settled is that, under the statutes of the state of Alabama, a married woman, while permitted, with the assent or concurrence of her husband, to enter into a written contract with him or any other person, cannot become a surety for her husband, either directly or indirectly. Code Ala. §§ 2346–2349. Another is that the fact that the note in suit was executed by a firm of which the appellant's husband was a member did not take the case out of the operation of the Alabama statute. Still another is that the note in question is obnoxious to the usury laws of the state of Illinois, in consequence of which the

plaintiff must relinquish the interest thereon if entitled to recover at all. Rev. St. Ill. c. 74, § 6. But, with these questions laid at rest and eliminated from our consideration upon this review, it still remains to be determined whether or not the plaintiff can sustain its recovery against Mrs. Chapman; and this, of course, depends upon whether the contract represented by the note signed by her as surety is to be governed by the law of the state of Alabama, or by that of Illinois, in which latter state, concededly, there is no inhibition against a married woman obligating herself as a surety for her husband.

It may be asserted as a rule of general application that the capacity of parties to contract is to be determined by the law of the place of contract, unless there is something to show that it was the intention of the parties at the time of its execution that the law of the place where the contract was to be performed should prevail. Kent, Comm. 458; Grand v. Livingston, 4 App. Div. 589, 38 N. Y. Supp. 490, affirmed 158 N. Y. 688, 53 N. E. 1125; Scudder v. Bank, 91 U. S. 406, 23 L. Ed. 245.

Within the principle as thus stated, it would seem that a note made in the state of Alabama, and delivered to the payee in that state, carries with it the presumption that it had its inception there, and that a subsequent transferee took it subject to the laws of that state. This much was held by this court upon the former appeal, but it was also held that the presumption thus created might be repelled, and inferentially, at least, that, if it could be shown that the note had no inception until it reached another state, its validity must be determined by the laws of that state. Correlated to this later proposition, it may be said that a note has no inception or validity until it has been perfected by both execution and delivery; and where, as in this case, it is payable to the order of one of its makers, and delivered to him for the express purpose of raising money thereon, it has no inception until it is indorsed by the payee, and transferred by him to some third party. Voigt v. Brown, 42 Hun, 394; Dubois v. Mason, 127 Mass. 37; Pickering v. Cording, 92 Ind. 306.

It is conceded that the note in suit was made solely for the purpose of raising money thereon for the use of the firm of Chapman, Reynolds & Co., and that the payee thereof was a member of that firm. Furthermore, it was found by the trial court that a few days after the note was made it was taken to Chicago by the payee, and that he, after indorsing the same, transferred it to the plaintiff "for the purpose of securing loans already made to his firm, and also for the purpose of procuring additional loans." This would seem to indicate that the note was not completed; that is, that it had no valid inception until it reached Chicago, and, if so, the locus contractus was Illinois, and not Alabama. Cook v. Litchfield, 9 N. Y. 280; Lee v. Selleck, 33 N. Y. 615; Bank v. Lecombe, 84 N. Y. 367–378.

But, even if it be conceded that the note was perfected in the state of Alabama, the conclusion would nevertheless be well-nigh irresistible that it was so perfected with the expectation and intention that the rights and obligations of the parties thereto should be determined by the law of Illinois, inasmuch as the contract entered into by both makers and indorser was to be performed in that state. That such

was the intention of the makers of the note is expressly found by the learned trial court, which finding is not questioned or disputed by the appellant, as her counsel frankly states in his brief. It is true that it does not affirmatively appear that Mrs. Chapman was of the same mind when she attached her signature to the note. Probably she had no well-defined thought or intention in regard to the matter, as she was signing as a mere matter of accommodation to her husband's firm; but she knew for what purpose the note was to be used, and she must have known from the note itself that it was payable in Chicago. In these circumstances, we think it would be unreasonable to assume that she contracted with reference to the law of Alabama instead of the law of Illinois. It follows, therefore, that whether the note had its inception in Illinois, or was executed in Alabama with the intention that it was a contract to be performed in the first-named state, the appellant cannot escape her liability therefor; and this conclusion, as we believe, is in harmony with the settled law of this and other states. Lee v. Selleck, 33 N. Y. 615; Dickinson v. Edwards, 77 N. Y. 573; Turnow v. Hockstadter, 7 Hun, 80; Milliken v. Pratt, 125 Mass. 374; Bell v. Packard, 69 Me. 105; Johnston v. Gawtry, 83 Mo. 339; Andrews v. Pond, 13 Pet. 65, 10 L. Ed. 61; Bank v. Mitchell, 34 C. C. A. 542, 92 Fed. 565. We have examined the exceptions taken during the progress of the trial, but are unable to discover that they present any prejudicial error. The judgment appealed from should consequently be affirmed.

Judgment affirmed, with costs. All concur, except McLENNAN, J., who dissents.