# United States Savings & Loan Company *v.* Beckley.

*Bill in Equity to cancel Mortgage for Usury.*

1. *Contracts; place of performance; usury.*—Where a contract is made in one State to be performed in another State, the parties may contract for the payment of the highest rate of interest allowed by either State without offending against the usury laws of the other, unless this is done as a subterfuge

and device for the purpose of evading the usury laws.

2. *Same; conflict of laws; by laws of what State governed.*—Where a contract is made and is to be performed in one and the same State, if not usurious there, it will be enforced by the courts of Alabama, notwithstanding it would have offended the laws of this State against usury had it been made here.

3. *Mortgage; when a Minnesota contract; usury.*—A note and mortgage to a loan company, which was organized under the laws of Minnesota, was made payable at the office of the company's treasurer in St. Paul or to its trustee in Minneapolis. They contained a stipulation that they are "understood to be made with reference to and under the laws of Minnesota." The written applications for the loan and to become a stockholder were addressed to the company at St. Paul. Although signed in Alabama and delivered to one of the company's agents there to be transmitted to the company, they had to be examined and passed upon by the officers of the company at its place of business in Minnesota. After receiving the applications, the note and mortgage, certificate of stock and its assignment were prepared in Minnesota and forwarded to the company's attorneys in Alabama to be properly signed, recorded, etc., but without authority to finally accept the note and mortgage and certificate of stock for the company. Their acceptance for the security for the loan was to be determined upon after a further examination of the abstract of title and other papers by the company's attorney in Minnesota. The draft drawn by the company on its depository for the amount of the loan, while sent to an Alabama bank to be handed to the borrower, was not to be paid until the papers were approved by the company's attorney in Minnesota. *Held*: That the note and mortgage were delivered in Minnesota and were Minnesota contracts. (HARALSON, J., *dissenting.*)

4. *Contract; by what law governed.*—A place where a contract is delivered or first becomes a binding obligation upon the parties is deemed the place of the contract for the purpose of designating what law governs.

5. *Mortgage; when note made for purpose of evading usury laws.* A mortgage to a Minnesota corporation was in the form adopted by the corporation, which was the usual and customary form employed by it in doing the same business in twenty-four states, and which had been employed by it substantially since the organization of the company. The form adopted was legal in the home State of the corporation and contained a stipulation that it was to be governed by the laws of that

[United States Savings & Loan Company v. Beckley.]

State. *Held*: That the mortgage in that form, was not a mere device to evade the usury laws of Alabama or made with that purpose, though repugnant thereto.

APPEAL from the City Court of Birmingham.

Heard before Hon. W. W. WILKERSON.

The bill in this cause was filed by Wm. G. Beckley against the United States Savings & Loan Company, and sought to have the contract therein set up declared usurious, and to be relieved of the usury, by paying the full amount borrowed, together with such interest as the court should adjudge he was bound in equity to pay. The court below, upon submission on the pleadings and proof, granted complainant the relief prayed, and ordered a reference to the register to ascertain the amount due on the mortgage, and from this decree the respondent appeals. The opinion shows the facts.

WHITE & HOWZE, for appellant, cited *Ensley v. Lewis*, 121 Ala. 94; *Jones v. Kittrell*, 33 Ala. 449; *Hanrick v. Andrews*, 9 Porter 9; *Jones v. Jones*, 18 Ala. 248; *Hunt v. Hall*, 37 Ala. 702; *Cabbedge v. Napier*, 62 Ala. 518; *Nicholls v. People*, 25 So. Rep. 8; *McGary v. Nicklin*, 110 Ala. 559; *Eames v. Benjamin*, 74 Minn. 335; Story's Conflict of Laws, §§ 442, 442a; Story on Prom. Notes, § 165; *Pioneer, etc. Co. v. Nonnemacher*, 127 Ala. 545; *Hayes v. Home, etc. Co.*, 124 Ala. 663; *American, etc. v. Seawell*, 92 Ala. 164; *So. B. & L. Assn. v. Anniston*, 101 Ala. 582; *Gwin v. National, etc.*, 121 Ala. 572; *Shelton v. Birmingham, etc.*, 121 Ala. 279.

SAMUEL WILL JOHN, *contra*, cited *Falls v. U. S. Savings & L. Co.*, 120 Ala. 164; *U. S. Sav. & Loan Co. v. Wood*, 120 Ala. 661; *U. S. Sav. & Loan Co. v. Smith*, 120 Ala. 662; *Lindsay v. U. S. Sav. & Loan Co.*, 28 So. Rep. 717.

TYSON, J.—The issue presented by the pleadings in this cause is, whether the note and mortgage executed by complainant to the respondent is an Alabama or a Minnesota contract. It is not contended in argument by complainant that the mortgage is usurious if it is a Min-

nesota contract, nor is it insisted by respondent that it is not usurious if it is an Alabama contract.

It is undoubtedly the law as said in *Pioneer Savings & Loan Co. v. Nonnemacher* (127 Ala. 545), "that where a contract is made in one State to be performed in another State the parties may contract for the payment of the highest rate of interest allowed by either State without offending against the usury laws of the other; the exception to the rule being that this may not be done as a subterfuge and device and where the purpose and intention of the parties is simply to evade the usury laws." Or to state the prepositon in the form in which it is stated in *Hayes v. Southern Home B. & L. Asso.* (124 Ala. 669) : "Under established rules a note or bond made payable at a particular place or which is expressly made with reference to the laws of a particular State is governed in respect to its obligation as to interest by the law of the place so stipulated as the place of performance. * * * An exception to these rules is where such stipulations are found to be a mere device to evade the usury laws, in which case they will be held void as against public policy."

Confessedly these principles are only applicable to contracts made in one State to be performed in another, or where made in one State and contain a stipulation that they shall be governed by the laws of another, where payable, and have no application when the contract is made and to be performed in the same State. In the latter case the *locus contractus* and the *locus solutionis* being the same, if the contract is not usurious where made and to be performed, it will be enforced by the courts of this State, notwithstanding it would have offended the laws of this State against usury, had it been made here.—Story on Conflict of Laws (8th ed.), p. 397.

A careful examination of the evidence, we think, sustains the contention of the respondent, that the note and mortgage are Minnesota contracts. In addition to the note being made payable at the office of respondent's treasurer in St. Paul or to its trustee, in Minneapolis, Minn., there is a stipulation in both the note and mortgage that they are "understood to be made with reference

to and under the laws of the State of Minnesota." Furthermore, the evidence shows that the respondent is a corporation organized under the laws of Minnesota with a place of business in that State. That the written application for the loan and to become a stockholder were each addressed to the company at St. Paul. Although signed in Birmingham and delivered to one of respondent's agents for the purpose of transmitting them to the company, they had to be examined and passed upon by the officers of the respondent at its place of business. After receiving their applications, the note and mortgage, certificate of stock and its assignment were prepared in St. Paul by respondent's attorney and forwarded to its attorneys in Birmingham to have properly signed, recorded, etc., but without authority to finally accept the note and mortgage and certificate of stock for the company. Their acceptance for the security for the loan was to be determined upon after a further examination of the abstract of title and other papers by the attorney of the company in St. Paul. In other words, the evidence shows that there was no delivery of the note and mortgage in Alabama, but that they were in fact delivered in the State of Minnesota. Indeed, the draft drawn by the respondent on its depository for the amount of the loan, while sent to a bank in Birmingham to be handed the complainant, was not to be paid until the papers, after examination by respondent's attorney in St. Paul, were approved. This method of payment was in accordance with the agreement made between the parties as shown by the applications for the loan.

It is an elementary principle that a contract must be mutual and no proposition or offer becomes a contract until it is accepted and approved by both parties. It is also the law that "where a contract is delivered or first becomes a binding obligation upon the parties, is deemed the place of the contract for the purpose of designating what law governs."—3 Am. & Eng. Ency. Law (1st ed.), p. 547; *McGarry v. Nicklin,* 110 Ala. 559. Under the evidence we are constrained to hold that the note and mortgage were executed in Minnesota, and therefore a Minnesota contract.—*McGarry v. Nicklin, supra,* and cases cited therein; *Farmers Savings & B. & L. Asso. v.*

*Kent*, 131 Ala. 246, 30 So. Rep. 874; *U. S. Sav. & Loan Co. v. Miller*, 47 S. W. Rep. 17.

It was entirely lawful for the complainant to borrow money in the State of Minnesota and lawful for the respondent to loan him the money there and to secure its repayment by accepting from him a mortgage on lands in Alabama. And the taking of the mortgage will not change the rule in respect to the laws of the place which are to govern the transaction as to usury. "The legal fulfilment of a contract of loan, on the part of the borrower, is repayment of the money, and the security given is but the means of securing what he has contracted for, which, in the eye of the law, is, to pay where he borrows, unless another place of payment be expressly designated by the contract."—*DeWolf v. Johnson*, 10 Wheat. 368; Tyler on Usury, pp. 88 and 89; 1 Jones on Mortgages (15th ed.), §§ 657 *et seq.* Besides the form of the contract adopted by the respondent in making and securing the loan was the usual and customary one employed by it in doing the same business in twenty-four States and is substantially the same form employed by it since its organization.—*Bennett v. Eastern B. & L. Asso.*, 34 L. R. A. 595.

Furthermore, if it be conceded that we are mistaken in our finding of the fact from the evidence that the note and mortgage were delivered in Minnesota, but were in fact delivered in Alabama, yet the evidence fails to establish that the stipulations in said note and mortgage "understood to be made with reference to and under the laws of the State of Minnesota" were a mere device to evade the usury laws of this State. No such sinister purpose appears in the contract, and the evidence fails to afford any reasonable inference that there existed any such sinister motive in making the note payable in Minnesota.—*Hayes v. Southern Home B. & L. Asso.*, and *Pioneer Savings & Loan Co. v. Nonnemacher, supra*.

Reversed and remanded.

HARALSON, J., *dissenting*.