AMERICAN NATIONAL BANK, Respondent, v. ED. D. ALLEN and MATILDA ALLEN, Appellants.

Kansas City Court of Appeals, December 18, 1916.

NEGOTIABLE INSTRUMENTS: Guaranty: Fraudulent Representations. This is a suit on a promissory note executed by the defendants, wherein they promised to pay the assignor of plaintiff $550 with interest. The note was given for part of purchase price of stallion and also a guaranty that the stallion was a sixty per cent foal getter. The defendant answered that the sale agent induced the defendant vendee to enter into the contract of purchase of the stallion by false and fraudulent representations. It developed that the horse was inflicted with a latent disease of the testicles which impaired his usefulness, but there was an utter lack of proof that the contract was entered into by fraud. *Held*, that the burden of proof was upon the defendant to establish their defense of fraud, and since they do not defend on the ground of a breach of an express warranty, the Court was right in directing a verdict for the plaintiff who purchased the note for value before maturity.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurmon,* Judge.

AFFIRMED.

   *A. E. Elliot* for respondent.

   *M. T. January* for appellants.

JOHNSON, J.—This is a suit on a promissory note for $550 executed and delivered January 31, 1912, by defendants (husband and wife) to Oltsmanns Brothers who resided, and were engaged in business, in Illinois. The note was executed and delivered and by its terms made payable at Nevada, Mo., and, therefore, must be regarded as a Missouri contract (Johnston v. Gawtry, 83 Mo. 339; Insurance Co. v. Simons, 52 Mo. App. 357) and subject to the provisions of the Negotiable Instruments Act which was in force in this State at the inception of the contract. The note and another for a like amount were executed by defendants in payment of the purchase price of a Percheron stallion which defendant Ed. S. Allen purchased from Oltsmanns Brothers, under the terms of a written contract which contained a guaranty by the vendors that the stallion "with proper care and handling and bred to healthy producing mares, to be at least a sixty per cent foal getter" and a stipulation that "if said horse does not prove to be as represented the said party of the first part (vendors) covenants and agrees to take said stallion back and replace said horse with another Percheron stallion equally as good, to said second party provided said second party shall return said stallion to said first party in as good health and condition on or before March 1, 1913, as when said stallion was delivered to said second party."

The answer alleges that the vendors through their sales agent induced the defendant vendee to enter into the contract for the purchase of the stallion "by false and fraudulent representations that said horse was sound and was a sixty per cent foal getter."

The evidence of defendants tended to show that the sales agent did represent the stallion to be sound and a sixty per cent foal getter and that after the sale it was discovered by the vendee that the animal was afflicted with a latent disease of the testicles which impaired his usefulness for breeding purposes to such an extent as to reduce his productive ability far below the guaranteed standard. But the oral representations made by the sales agent were repeated and guaranteed in the written

contract and there is an entire absence of proof of the alleged defense that the contract was induced by fraud. As was aptly said by the Court of Civil Appeals of Texas in a very similar case (Oltsmanns Brothers v. Poland, 142 S. W. 653): "There was no fraud upon the part of Oltsmanns Brothers in inducing Poland to accept the said guaranty. It does not appear that the terms thereof were misrepresented or concealed or that he did not fully understand them."

The burden of proof was upon the defendants to establish their defense of fraud, and since they do not defend on the ground of a breach of an express warranty, the court was right in directing a verdict for the plaintiff who purchased the note for value before maturity.

It may be observed that a defense of a breach of an implied warranty, if pleaded, would not have been available to defendants. Since the written contract of sale defined the vendor's liability by a special warranty, the remedy it provided became exclusive. In the sale of personal property, as in all other transactions, the vendor has a right to define his liability by a special warranty and provide the measure of damages, or the manner of fulfilling his warranty. Where the parties stand on equal ground the law will not interfere with their right to make their own contracts and where the contract they make contains a guaranty of the truth of representations made by the vendor concerning the subject of the sale, and provides a fair and sufficient remedy for a breach of such guaranty, the vendee should be allowed no other remedy for such breach in an action or defense founded upon the contract. [See Oltsmanns Brothers v. Poland, supra, and authorities therein discussed.]

Since we find the defense of fraud has failed, other questions discussed in the briefs become academic and need not be considered.

The judgment rendered for plaintiff is affirmed. All concur.