Judge Robertson,
delivered the opinion of the Court.
Bain having loaned to Wilson $100, in notes of the Bank of the Commonwealth, Wilson, in 1822, promised to procure for hiin, at prime cost, a wagon, to be made in Tennessee. Afterwards, (but when, is not proved,) Wilson brought a wagon from Tennessee, which, he told Bain, cost $175 in Commonwealth’s paper. Bain took it,* at that price, and after-wards sold it.
This suit is brought on this parol contract,-for Commonwealth’s paper. On the issue of non-assumpsit; there being no evidence, except that which established the foregoing facts, thfe jury found a verdict for $65, on which the court gave judgment for that amount in Commonwealth’s notes; the plaintiff having agreed on the record, to receive the amount of the judgment in such notes.
Before the jury found their verdict, Bain moved the! court to instruct them. First; That a demand by Wilson, of the Commonwealth’s paper, was essential to the maintenance of hisaction. Second; That Wiisonhad no right to recover paper, specifically, hut could only be entitled to its value in specie. And, Third; That if Wilson had made fraudulent representations of the cost of the wagon, he had no' right to recover. But *203 ¿he court refused to give any of the instructions asked for. And the questions presented to this court, for its decision, grow out of this refusal.
Where a pro-paper^ur/er»¿y, a demand itnotnecestee^ust be fought and ' the medium t0 '
Where fraud cannot plead such fraud, in bar of an action for the consideraSerebas been a tender of the thing Coffer to reí cj„d the contract,
He that would avail hi®selfofa statutory prorogation of" tho corpipon law, must IteíotlywUkí’ in tbpetatnto.
*203 Á demand by Wilson, was not necessary. Although a paper currency is not a legal tender, nor stridi juris money and hence is properly denominated property; yet for many purposes it is quasi money. And all the reasons which dispense with a demand for specie, apply to paper money. The latter is portable like the former, and is more conveniently so. It is not like property generally, onerous, and therefore, properly payable at the residence of the obligor. But it is strictly personal, because it is carried with or about the person, more generally than any other medium, called money; and therefore, should be brought to the obligee. Hence, as on a promise to pay money, without an express stipulation as to time or place, the debt is due instantly, and is payable to the promisee at his residence; sois the promise in this case, such as to oblige Bain to pay to Wilson the amount due on the contract, presently after its date, and without demand,
The fraud implied in the second proposition may have been proved* Facts are shown, from which it may be inferred, that the wagon did not cost as much as Wilson stated to Bain that it had cost.
But surely this did not vacate the obligation resulting from the contract. It may give Bain a right to recover damages in an appropriate action. But it is not a bar to that brought by Wilson. • It could not have been plead in bar, unless Bain had offered a recisión of the contract, and tendered the wagon to Wilson, in a reasonable time. Which would have amounted to a recision of the contract, on proof of fraud by Wilson. But Bain kept the wagon and sold it. He could not, therefore, pay for it by proving fraud in the sale to him. The court decided correctly on the two first propositions.
But there is error in the refusal to give the third instruction.
As Wilson was insisting on a statutory privilege, in derogation of the common law, it was necessary that he should prove every thing which was material to *204 show that he came within the provisions of the statute, The act of 1824, authorizing endorsements and con-judgments specifically for paper, is prospective. It is, therefore, indispensable to the right of Wilson to such a judgment, that it should appear that his contract was made since the passage of the act. And as the act, in the event of such proof, would be beneficial to him, the proof devolves on him. He mast show that he has a right to a judgment for paper in kind. And to do this, he must establish- two positions; one of law and the other of fact. First; That there is a law authorizing such a judgment. Second; Iphaf his case comes within the law. That there is such a law, the court has judicial notice. But it does not kopyv when the contract was made. And it is not jhe duty of the defendant to show, negatively, that it wasnotrpafle since the passage of the act. But it is incumbent op fhe plaintiff to show, affirmatively, that it was.
Triplett, for plaintiff; Cunningham, for defendant.
It not only does not appear that this contract was made since 1824, but it is'probable that it was entered into before.
For this error, the judgment must be reversed and the cause remanded.