WRIGHT, and others, v. BURT.

1. When a debt is contracted in one beat, and afterwards a note is given for it in another, the acceptance of the note does not exempt the maker from being sued in the beat where the debt was contracted.
2. When a cause is at issue and before the jury for trial, it is erroneous for the Court to overrule a plea properly pleaded, but not sustained by the evidence. The proper course is to instruct the jury with respect to the law, and leave them to apply it to the facts which they shall ascertain.

WRIT of Error to the Circuit Court of DeKalb county.

Two suits upon promissory notes made by the defendants

Wright and Clayton, and another person, were commenced in a justices court.

The defendants removed the judgment rendered there against them into the County Court, by *certiorari*. The suits were there consolidated, and the defendants pleaded to the jurisdiction of the Court, that they had been sued in a different beat from that in which they resided, and not in the one where the debt was contracted. This plea is not drawn out in form, and it is stated upon the record to be pleaded in short, by consent of the parties.— The plaintiff demurred to this plea, but the Court sustained it. An issue was then formed to the jury, which resulted in a verdict for the plaintiff, who had judgment.

' A bill of exceptions was sealed, at the instance of the defendants, by which it is shown that they proved the notes were executed in the beat where they resided, which was not the beat in which they were sued. The plaintiff then offered evidence showing that the debt for which the notes were given, was contracted in the same beat in which the suits were commenced. This evidence was objected to by the defendants, but admitted by the Court; which thereupon " determined that the debt was made in the beat where the suits were brought, and by the delivery of the property for which the notes were given," overruled the defendants' plea, and required them to plead over.

The defendants excepted as well to the overruling of the plea, as to the admission of the evidence objected to.

The cause was taken to the Circuit Court, where errors were assigned upon the bill of exceptions, and the judgment was affirmed against the defendants and their sureties on the error bond. This judgment is now assigned as error, and the same questions are raised as were in the Circuit Court.

RICE, for the plaintiffs in error.
STONE, *contra*.

GOLDTHWAITE, J.—1. When a demand is cognizable by a justice of the peace, the statute requires the defendant to be sued either in the beat where he resides, or in the one where the debt was contracted. [Digest, 293, § 8.]

We think by this act the plaintiff is allowed the privilege of sueing his debtor in the beat where the debt was created. The

note is only the evidence of the debt, and may havebeen given at a different place from that where the contract was made and perfected by the delivery of the thing sold. In our opinion there is no error in the decision of this point.

2. With respect to the overruling of the plea, we think it very possible there is some mistake; but we must be governed by the bill of exceptions. That states, that the Court, after the evidence was given, overruled the plea, and required the defendants to plead over; this was erroneous, because the defendants thereby were precluded from contesting the question of fact before the jury. The plea having been received without being put in form, must be considered as presenting all the allegations necessary to bring the defence within the statute; and therefore could not be overruled by the Court. The proper course would have been to instruct the jury, if the evidence for the plaintiff was believed, they ought to find for him, as the plea under that evidence was not sustained.

The judgment of both Courts must be reversed, and the cause remanded.