## MOORE & JONES, Adm'rs, &c. vs. DAVIDSON.

1. Where several are sued as administrators, a discontinuance as to one, not served with process, is not a discontinuance of the action. (Parsons, J. dissenting.)

2. Where a bond or note fails to designate the place of payment, parol evidence is inadmissible to show that it was, by agreement between the parties, to be paid at a place different from that of the contract.

3. The place of the contract being ascertained, the law, in the absence of an express stipulation, determines the rate of interest that attaches to it, and there is no difference in effect between the stipulation which the law thus implies, and one expressly stated in the contract.

ERROR to the Circuit Court of Lowndes. Tried before the Hon. Nathan Cook.

THIS was an action of debt by the defendant against the plaintiffs in error as administrators, &c., of Daniel M. Forney, deceased, on a writing obligatory, by which the said Forney as principal, and two others as his securities promised " to pay William Lee Davidson the sum of three thousand five hundred dollars for value received." The writ issued against the plaintiffs in error and one Jones M. Withers, as the administrators of Forney, and being returned *non est* as to Withers, the plaintiff below declared against the other two alone. The declaration commences ; " William Lee Davidson, discontinuing as to Jones M. Withers, who is not served, and who had resigned his administration before the issuance and service of the writ in this case, and was discharged by the court as administrator, by attorney, complains" &c. Upon the cause being called for trial the defendants declared against refused to plead to the action, insisting that by the discontinuance as set out in the declaration the plaintiff had discontinued the entire suit against all the defendants, and they moved for judgment accordingly, but the court denied their motion, and required them to plead to the declaration. The defendants then demurred, and their demurrer was overruled. There was parol evidence to show that the instrument sued on was executed in this State, and other evidence tending to show that by a verbal agreement between Davidson and Forney, before or at the time the instrument was executed, the money was to be paid in the State of North Carolina, the legal rate of interest of which State was proved to be six per cent. per annum. The question intended to be raised by this evidence was whether the rate of interest of Alabama or North Carolina governed the contract. The court charged the jury— First, that if the note was executed in this State, then the money was to be paid here, no other place being specified on the face of it, and the contract as to the rate of interest must be governed by the law of this State : Secondly, that if the note was executed in this State, the parties having failed to specify in it the place of payment, the money was payable in this State ; that no parol evidence could be introduced to show that the parties agreed, before or at the time the note was executed, that it should

Moore & Jones, adm'rs, v. Davidson.

be paid in North Carolina; and that they must disregard all the evidence introduced on that subject.

The defendants excepted to the several rulings of the court and to the charges given, and now aasign them as error.

ELMORE & YANCEY, for the plaintiffs in error:

1. Where more than one representative is sued all must be served, and a discontinuance as to one is a discontinuance as to all.—Owen v. Brown, 2 Ala. 126; Caruthers & Kinkle v. Mardis' Adm'rs, 3 Ala. 599; Williams & Ivy v. Hines, 8 Por. 579. The only exception is when one of the representatives lives out of the State, and this from necessity.—Williams & Ivy v. Hines, 8 Por. 579.

2. It was competent for the defendant to show by parol proof where the note was payable, no place being expressed in the note. Muslire v. Cook, 1 Ala. 41; Story on Conflict of Laws, § § 272, 280; Ib. on Bills, § 147; 1 Greenl. Ev. § 277.

3. The place of payment determines the interest payable.— Hanrick v. Andrews, 9 Por. 9.

4. The place of payment is the domicil of the creditor wherever he may be.—Story on Conflict of Laws, § § 329, 362.

WATTS & JACKSON, for the defendant:

1. The rule applicable to joint contractors at common law cannot be applied to executors or administrators. They are in no sense joint contractors.—See Gray's Adm'rs v. White, 5 Ala. 490. Why therefore, may not a plaintiff discontinue even as to one served, (who is ascertained not to be one at the time of suit brought,) just as he could in action of trover, or trespass, against several defendants, without affecting a discontinuance as to other defendants? The rule, as understood in England, never extended to executors or administrators, and the rule is much less stringent in this country.—See Williams on Ex'rs, 1189-90-3-4; Ivy v. Gamble, 7 Por. 545; Martin's Ex'rs v. Crogan, 20 Johns. 106-22-3; Gray's Adm'rs, v. White, supra. Even in the case of joint contractors in the strict sense of the term— a discontinuance as to one defendant for any matter personal to himself never effects a discontinuance as to the others.—See authorities, supra. It is admitted that the general rule is—that all executors or administrators, who have qualified as such, consti-

Moore & Jones, adm'rs, v. Davidson.

tute but one person in law, and must all be sued. But this is not a universal rule. If an executor or administrator live beyond the limits of the State, the plaintiff may discontinue as to him, showing this fact in his declaration, without producing a discontinuance as to the others.—See English & English v. Brown, 9 Ala. 504; Gray's Adm'rs, v. White, *supra*, and authorities therein cited. But the rule, that all executors or administrators, are but one person, and must all be served, has reference solely to those who are representatives at the time of suit brought. In this case the party against whom the discontinuance was made in the declaration was not, in fact, administrator at the time of suit brought. He had resigned—this fact is shown by the declaration, and must be taken as true on demurrer, or on the motion which was made. It was not in fact controverted that the administrator had resigned. There was, therefore, no necessity to sue him. If plaintiff can discontinue as to a non-resident, acting administrator, (who was a non-resident administrator at the time of suit brought,) without producing a discontinuance as to others, (see English et al. v. Brown, *supra*,) *a fortiori*, he may discontinue as to one who was not in fact executor at the time of suit brought.

The plaintiff, at his option, might have proceeded against the resigning administrator, or have left him out, and proceeded against his successors.—See Skinner v. Frierson, 8 Ala. 915. But in this case the successors of the resigning administrators were already in court and there was no necessity for any steps to be taken to make them parties to the suit.

If joint administrators be sued and all served, and it is shown that one has resigned and was not in fact administrator at the time of suit brought, a discontinuance as to him would not work a discontinuance as to the others. The plaintiff may get judgment against all who were administrators at the time of suit brought.—(See Gray's Adm'r, v. White, 5 Ala. 490; Williams on Ex'rs, 1189-90-3-4; Ivy v. Gamble, 7 Por. 545, &c.) It would seem to follow necessarily then if plaintiff can discontinue after service, without a discontinuance as to other defendants, he can before a service is effected.

2. As to the charges given: The *lex loci contractus* governs as to the interest, unless the place of payment be different from the place of contract.—Hanrick v. Andrews, 9 Por. 9, and au-

thorities therein cited. The place of payment, if it be intended to be different from the place of contract, must be specified in the body of the note, (see Story on Prom. Notes, § § 49-50,) and parol evidence is inadmissible to show, that although no place of payment is stated in the note, yet the parties agreed that it should be payable at a particular place.—See Story on Prom. Notes, § § 49-50 ; Greenl. Ev. 3d ed., § § 275-81. See further the following authorities bearing on this point: Johnson v. Ballew, 2 Por. 29 ; Mead v. Steger, 5 ib. 498 ; Paysant et al. v. Barringer, 1 Ala. 161 ; Beard v. White, 1 ib. 436 ; Litchfield v. Falconer, 2 ib. 280 ; Holt v. Moore, 5 ib. 521 ; Armstead v. Thomas, 9 ib. 586 ; Cuthbert & Stanly v. Bowie, 10 ib. 163 ; Hair et al. v. LaBrouse, 10 ib. 548 ; Nicholas v. Krebs, 11 ib. 230 ; Brown v. Isbell, 11 ib. 1010 ; Carleton v. Fellows, Read & Co., 13 ib. 437.

PARSONS, J.—After a very full examination of the statutes and common law upon the question, I am entirely satisfied that the plaintiff below had no right, under the circumstances, to discontinue his action as to Withers and to go on against Moore & Jones ; and I think the whole action was discontinued by the discontinuance as to Withers. But a majority of the court think differently, and that there was no error on that point.

2. We all think that parol evidence was not admissible to prove that it was the agreement or understanding of the parties that the money secured by the writing obligatory should be paid in North Carolina. The doctrine is so stated by Judge Story, in relation to promissory notes.—Story on Prom. Notes, § 49. And we can see no difference in this respect between notes and bonds for the payment of money. This is a question of interest and not of usury. And as the bond was made and delivered in Alabama and not made payable elsewhere, it is subject, as to interest and otherwise, to our laws, and it is a general principle that the legal effect of an instrument cannot be varied by parol evidence.—3 Stew. 273. Parol evidence was competent to prove that the bond was made here, so as to show that its validity and effect are to be determined under our laws. The place where it was made being ascertained, we look to the face of the bond to ascertain the rate of interest, as to which the bond itself is silent. But its effect is the same as if it had contained a

stipulation for Alabama interest. Had such a stipulation been inserted, parol evidence of an inconsistent one would have been clearly inadmissible; and yet there is no difference in effect between the stipulation implied by law, and one expressly stated. There was no substantial error, we think, in the ruling of the Circuit Court on this point. The judgment is affirmed.