BROUGHTON'S ADM'R vs. BRADLEY.

[FINAL SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS.]

1. *What law governs validity of contract.*—Where an administrator, on
final settlement of his accounts, was sought to be charged with the
unpaid balance due on a bond, executed by him to the intestate in
his life-time; which bond, though executed in Alabama, and bind-
ing the obligor to the payment of eight per cent. interest, was
proved to have been given as a substitute for another bond, con-
taining similar terms, but executed in South Carolina, and given
for the purchase-money of property there bought by the obligor
from the intestate,—*held*, that the validity of the contract as to
the interest reserved, was to be determined by the laws of South
Carolina.

APPEAL from the Probate Court of Lowndes.

IN the matter of the estate of Edward Broughton, de-
ceased, on final settlement of the accounts and vouchers
of Lawrence B. Bradley, as administrator, at the instance

of R. M. Williamson, as administrator *de bonis non.* It appears from the bill of exceptions, that Williamson sought to charge Bradley with the unpaid balance due on a bond, or writing obligatory, in the following words :

"Lowndes county, Alabama, January 13, 1851.

"I, L. B. Bradley, of the State and county aforesaid, do acknowledge myself to be indebted to Edward Broughton, of Sumter district, South Carolina, in the sum of three thousand dollars, good and lawful money of the State of South Carolina, and do hereby promise to pay the said sum of three thousand dollars, to the said Edward Broughton, his executors, administrators, or assigns, at the times, and in the manner following—to-wit, one thousand dollars on the 1st January, 1854 ; one thousand dollars on the 1st January, 1857 ; and the last one thousand dollars on the 1st January, 1860 ; with interest at the rate of eight per cent. on the whole sum, payable annually, from the date of this note, and until the same is fully paid and satisfied. Witness my hand and seal the day and year above written.

L. B. BRADLEY, [seal.] "

It was proved, as the bill of exceptions shows, that this bond was given as a substitute for another; that the original bond, which was without date, contained the same stipulations as the one above copied, and was executed in South Carolina, for the purchase-money of three slaves ; that the contract for the purchase of the slaves was made in South Carolina, the bond signed there, and the property delivered there. The defendant insisted, that this bond was usurious by the laws of South Carolina ; and read in evidence the statutes of South Carolina, (as found in the Statutes at large of South Carolina, vol. 4, p. 363 ; *ib.* vol. 6, p. 109,) establishing seven per cent. as the legal rate of interest, and declaring all contracts, by which a greater rate of interest was reserved, to be void as to the entire interest. The probate court ruled, that the bond was to be governed by the laws of South Carolina, and

was therefore usurious; to which decision the administrator excepted, and which is now assigned as error.

CLEMENTS & WILLIAMSON, for appellant.

S. S. Cox, *contra.*

STONE, J.—The contract by which Edward Broughton sold, and Mr. Bradley bought, the three slaves, Nancy, Puss and Isham, was entered upon and consummated in the State of South Carolina. Until the substituted bond was executed, near four years afterwards, neither the writings nor the proof furnish the slightest intimation that the contract was to be performed anywhere else than at the place where it was entered into. The second, or substituted bond, was not the execution or making of a contract, but can only be regarded in the light of evidence of the contract. Under these circumstances, the law draws the presumption, that the contract was to be performed at the place where it was entered into, and its binding efficacy must be determined by the laws of that place.—Wright v. Burt, 5 Ala. 29; Moore v. Davidson, 18 Ala. 209; Evans v. Kittrell, 33 Ala. 449; Hanrick v. Andrews, 9 Porter, 9, 24, 25; Pearson v. Bailey, 23 Ala. 537; Jackson v. Jones, 13 Ala. 121; DeWolf v. Johnson, 10 Wheat. 367–383. There is nothing in this case to take it out of the operation of the rule above declared. The result is, that the contract was usurious, and the decree of the probate court is affirmed.