STEVENS DOCKHAM & others *vs.* MOSES G. SMITH & another.

Though a debtor be bound to seek and pay his creditor, yet if an employer has an estab‑lished place where he pays those employed, and where he has reason to expect they will call for their hire, mere neglect to pay elsewhere, without evidence of a demand and refusal, will not justify those employed in abandoning the contract of service.

CONTRACT for the breach of a written agreement by which the defendants agreed to do certain work in laying stone and in paving at the reservoir of the Lowell Waterworks in Lowell, and by which the plaintiffs agreed to make payments therefor on the tenth of every month as the work went on.

The declaration alleged that the defendants commenced the work and afterwards abandoned it, and that the plaintiffs were put to the expense of $2594.65 above the contract price by hav‑ing the work done by others. The answer, among other defences, not now material, alleged that "the plaintiffs did not perform their part of said contract in the matter of payment, as required by said contract, and that the plaintiffs neglected to make to them any payment under said contract, although by the terms of said contract they were bound to make two payments to them for the work which they did perform."

At the trial in the Superior Court, before *Brigham*, C. J., one of the plaintiffs testified, that pending the negotiation and before the contract was executed, he pointed out to one of the defend‑ants a building near where the work was to be performed, saying that it was the plaintiffs' office where they paid their bills. This, with the exception of evidence that, in a discussion about pay‑

ment when the job was given up, the office was named by the plaintiffs as the place where the defendants ought to have called for their pay if they wanted it, was the only evidence as to the place of payment, and no question was made as to its sufficiency in law to prove such a place. The defendants offered evidence that two payments were due them under the contract; that no payment or offer of payment had been made; and that after the payments were due they notified the plaintiffs that they should not go on under the contract. There was no evidence that a demand for payment had been made, and there was evidence that upon stating non-payment as one of the reasons for abandoning the job, the plaintiffs said, if that was the reason, they were ready to pay what was then due, which was a small sum at time of the first payment, and from $300 to $500 at time of second payment. No tender was ever made to the defendants. The defendants asked the court to rule as follows : " It was the duty of the plaintiffs to pay or tender the money to the defendants on the day it was due, and the defendants were not bound to seek out the plaintiffs and demand payment." The court gave the ruling asked for, qualifying it by the addition of the words following : " But the contract failing to provide as to the place and mode of payment, if the parties orally agreed that defendants should receive their payment at plaintiffs' office upon their call, then demand of their payments at the place mentioned was necessary before the contract could be avoided for non-payment."

The jury returned a verdict for the plaintiffs for $2266, and the defendants alleged exceptions.

*D. Saunders,* (*C. G. Saunders* with him,) for the defendants.

*E. T. Burley,* for the plaintiffs.

AMES, J. A person, who has bound himself to make a payment on a given day, is bound also to seek for his creditor on that day in order to make the payment, and the creditor is not bound to seek for him in order to demand payment. The jury were instructed in accordance with this rule, with the qualification, however, that, inasmuch as the written contract failed to provide as to the place and mode of payment, if the parties orally agreed that defendants should receive their payment at the plain-

tiffs' office upon their call, then demand at that place was necessary before the defendants could for non-payment avoid the contract. The only question·raised by this bill of exceptions is as to the correctness of this qualification.

It requires no citation of authorities to prove that it is in the power of the parties to a written contract to supply its omissions, or otherwise to modify it, by a subsequent oral agreement. And this is, in our opinion, the proper interpretation of the instruction given to the jury. There was evidence tending to show that, before the contract was executed, the defendants were notified that the plaintiffs' office was the place at which they made their payments, and no question was made as to the sufficiency in law of the evidence to prove it to be the place. The case finds that the defendants were the first to refuse in express terms to go on under the contract. The answer filed by them shows that they gave various reasons for this refusal on their part, one of which, and the only one material to be considered here, was that two of the payments due from the plaintiffs were in arrear. No tender of the amount so due was made by the plaintiffs, and there was evidence tending to show that the defendants had not called at the plaintiffs' office to collect the amount due on these two payments. If the jury were satisfied upon the evidence that the parties by mutual consent had adopted the practice of making their settlements at the plaintiffs' office, and that the defendants had received all previous payments under the contract at that place, it was competent for the jury to find that there was an oral agreement, subsequent to the original contract, to that effect.

But, independently of any such subsequent contract, we think that if the plaintiffs had an established place of business, at which they kept their books and made their payments, and where they reasonably might expect their workmen and persons with whom they had contracts would call to receive their pay, a mere delay or neglect in making a payment elsewhere to the defendants, in the absence of any evidence of demand and refusal, would not amount to such a violation of contract on the part of the plaintiffs as to justify the defendants in a refusal to

go on under it. *Wright* v. *Haskell*, 45 Maine, 489. *Canada* v. *Canada*, 6 Cush. 15. *Dubois* v. *Delaware & Hudson Canal Co.* 4 Wendell, 285. *Exceptions overruled.*