[Civil No. 1049.   Filed March 27, 1908.]

[95 Pac. 180.]

## NATIONAL CASH REGISTER COMPANY, a Corporation, Plaintiff and Appellant, v. J. C. BRADBURY, Defendant and Appellee.

1. RECORDING—UNACKNOWLEDGED CONDITIONAL SALE—WHEN ENTITLED TO RECORD—REV. STATS. ARIZ. 1901, PARS. 735, 737, 748, 749, 753, 1135, 2702, 3284, CONSTRUED.—Under paragraphs 735, 737, *supra,* providing that no instrument affecting real estate shall be of any validity against innocent purchasers, unless recorded, and that such instrument shall not be deemed lawfully recorded unless it has been previously acknowledged; paragraphs, 748, 749, 753, *supra,* providing: "The following instruments of writing, which have been acknowledged according to law, are authorized to be recorded, viz., all deeds, mortgages, conveyances, deeds of trust, bonds for title, covenants, defeasances or other instruments of writing concerning any lands and tenements, or goods and chattels, or movable property of any description"—and that sales and other conveyances whatever of any lands, and all deeds of trust and mortgages whatsoever, shall be void as to creditors unless acknowledged and filed with the recorder, but that the recording of such instruments duly acknowledged shall be notice of their existence; paragraph 3284, *supra,* requiring instruments intended to operate as mortgages or liens upon personalty to be recorded in order to be operative against third persons where there is not an immediate and continued change of possession, but not requiring them to be acknowledged; paragraph 2702, *supra,* providing that no contract for the conditional sale of personal property shall be valid as against anyone except the parties, and those having notice thereof, unless it is filed and recorded as chattel mortgages are filed and recorded; and paragraph 1134, *supra,* providing that the recorder "must upon the payment of his fees, record separately . . . (13) such other writings as are by law required or permitted to be recorded," it was the county recorder's duty to file and record, on payment of his fees, an agreement for the conditional sale of personal property, although it had not been acknowledged, as such unacknowledged documents are not excluded from record by paragraphs 735, 737, 748, 749 and 753, *supra.*

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Yavapai. Richard E. Sloan, Judge. Reversed and remanded.

The facts are stated in the opinion.

Norris & Ross, for Appellant.

The sections of our Revised Statutes which are required to be considered are sections 748, 749, 753, 2702 and 3284 to 3290, inclusive. With the exception of section 2702 the sections mentioned were borrowed by us from Texas.

Conditional sale contracts are governed by section 2702, Revised Statutes of 1901, which makes them void except as between the parties, "unless such contract of sale, or lease, as the case may be, is *in writing, subscribed by the parties thereto,* and the same, or a copy thereof filed and recorded in the office of the county recorder where said property is situated, or some part thereof in the same manner as chattel mortgages are by law required to be filed and recorded."

In Wisconsin a conditional sale contract subscribed by the parties, but unacknowledged, was held entitled to record under this statute before we adopted it. *W. W. Kimball Co.* v. *Mellon,* 80 Wis. 133, 48 N. W. 1100; *Kellogg* v. *Costello,* 93 Wis. 232, 67 N. W. 24; *Tufts* v. *Brace,* 103 Wis. 341, 79 N. W. 414. In view of the foregoing we submit that there is nothing in section 2702 of our statutes requiring a conditional sale contract to be acknowledged.

Our conditional sale statute to which we should ordinarily look to determine the essentials of a conditional sale of personal property does not require that such a contract be acknowledged, but only requires that it be in writing subscribed by the parties thereto.

Robt. E. Morrison, and E. S. Clark, for Appellee.

The sole question to be decided in this case is, Must a conditional sale contract be acknowledged to entitle the same to filing and recording in the county recorder's office?

KENT, C. J.—The appellant sold to one P. C. Armitage a certain cash register manufactured by it under an agreement, by the terms of which delivery of the article was to be made to Armitage, but the title thereto was not to pass until the purchase price was paid by him in full. The agreement was duly signed by the parties, and thereafter the appellant tendered the instrument to the county recorder, the appellee, for record, together with the fee prescribed by law for "filing

and entering a minute of chattel mortgages deposited in his office." The recorder declined to receive or file for record the instrument, on the ground that the agreement was "not in proper form for record, as the signatures are not acknowledged." The appellant filed its petition in the district court, praying that a writ of *mandamus* issue to the appellee, commanding him to accept the instrument for filing and record in the same manner as chattel mortgages are by law required to be filed and recorded upon tendering the proper fee therefor. The appellee demurred to the petition on the ground that the instrument described therein and tendered for filing and recording was not acknowledged, and was therefore not entitled to either filing or recording in the county recorder's office. The matter came before the trial court the day before the beginning of this term, and was passed upon *pro forma* in order that a determination might be had by us without delay. The trial court sustained the demurrer, and denied the application for the writ, and the matter is before this court on appeal from such determination.

The sole question presented by this appeal is whether an agreement in writing for the sale of personal property, by the terms of which the title is to remain in the vendor and the possession thereof in the vendee until the purchase price is paid, which has been duly subscribed by the parties thereto, but which has not been acknowledged, is such an instrument as by law the county recorder is bound to file and record when tendered his proper fee therefor. Our Code of 1901 provides that no instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration without notice, unless recorded in the office of the recorder, and that such instrument shall not be deemed lawfully recorded unless it has been previously acknowledged (paragraphs 735 and 737); and under the same title it is further provided: "The following instruments of writing, which have been acknowledged according to law, are authorized to be recorded, viz.: All deeds, mortgages, conveyances, deeds of trust, bonds for title, covenants, defeasances, or other instruments of writing concerning any lands and tenements, or goods and chattels or movable property of any description"—and, further, that all sales and other conveyances whatever of any lands, and all deeds of trust and mort-

gages whatsoever, shall be void as to all creditors unless they shall be acknowledged and filed with the recorder to be recorded as required by law, and, further, that the record of any grant, deed, or instrument of writing authorized or required to be recorded, which shall have been duly acknowledged for record, and duly recorded in the proper county, shall be taken and held as notice to all persons of the existence of such grant, deed, or instrument. Rev. Stats. 1901, pars. 748, 749, 753. The foregoing provisions of our statutes are all found under the title "Conveyances." Under the title "Mortgages" in our code, and in the chapter relating to chattel mortgages, we find various provisions respecting the filing and recording of instruments intended to operate as mortgages or liens upon personal property, which, in substance, require such instruments, or true copies thereof, to be filed for record, in order to render them operative as against third persons, where the property covered thereby is not to be accompanied by immediate delivery and continued change of possession. Such instruments are not required to be recorded at length, as in the case of deeds or real estate mortgages, but especial provision is made for the recording in such cases. None of the provisions of the code relating to such instruments in terms require them to be acknowledged. Under the title of "Frauds and Fraudulent Conveyances," we find the following provision of our code (paragraph 2702) ; "No contract for the loan or lease of any goods or chattels for a period of three months, and no contract for the sale of personal property by the terms of which the title is to remain in the vendor and the possession thereof in the vendee until the purchase price is paid or other conditions of sale complied with, shall be valid as against any other person than the parties thereto and those having notice thereof, unless such contract of sale or lease, as the case may be, is in writing, subscribed by the parties thereto, and the same, or a copy thereof, filed and recorded in the office of the county recorder where said property is situated, or some part thereof, in the same manner as chattel mortgages are by law required to be filed and recorded."

We do not construe the provisions of our statutes which we have quoted above as found under the title "Conveyances," as excluding from record all documents unless they be ac-

knowledged.  Whatever may be the rule with respect to chattel mortgages, or the requirements to be observed as to them, a document in terms a conditional sale, such as the instrument in question, is, we think, clearly entitled to be filed and recorded in the manner provided by said paragraph, when subscribed by the parties thereto, although the instrument be not acknowledged by them.  We do not think the provisions found in the statutes relating to conveyances, though otherwise perhaps broad enough in their terms, are to be construed as authorizing the recorder to refuse for filing and record instruments such as agreements for conditional sales, mechanics' liens, and other similar instruments, where the statutes relating thereto provide for such filing and record, but do not require such documents to be acknowledged.  Furthermore, in the chapter of our code relating to the duties of the recorder we find specific authority for the recording of such instruments, as follows: "He [the recorder] must upon the payment of the fees for the same, record separately in large and well bound separate books. . . . (13) Such other writings as are by law required or permitted to be recorded." Rev. Stats. 1901, par. 1135.  Since paragraph 2702 manifestly permits the recording of contracts of conditional sales subscribed by the parties, the instrument in question is within the provisions of paragraph 1135, subdivision 13, *supra*, making it mandatory upon the recorder to record such contract. We think, therefore, that the instrument should have been received by the recorder for filing and recording as provided by paragraph 2702 of the Revised Statutes, and that the demurrer to the petition should have been overruled.

The judgment of the district court is reversed and the case remanded for further proceedings in conformity with this opinion.

DOAN, CAMPBELL, and NAVE, JJ., concur.