THE STATE and another, Appellants, vs. KENOSHA HOME TELEPHONE COMPANY, Respondent.

*September 19—October 6, 1914.*

*Corporations: Contracts: Authority of agents to vary: Place of payment: Telephone companies: Rules for conducting business: Change in methods: Requiring payment at office: Discontinuing service of delinquent: Penalty: Tender.*

1. Provisions restricting the authority of agents or employees of a corporation to vary, or add by parol to, the terms of a written contract prepared by it for execution are reasonable and valid.
2. Where a contract for the payment of money is silent as to the place of payment, in the absence of any legitimate inferences to the contrary the law implies that payment shall be made at the residence, office, or place of business of the creditor, if within the state.
3. Where the written contract between a telephone company and a subscriber was silent as to the place of payment for service, and provided that its terms could be varied or waived only by a writing signed by a contract agent or higher officer of the company, an oral agreement between the subscriber and a canvasser that collections should be made at the subscriber's office varied the terms of the written contract and was void.
4. A telephone company may make reasonable rules for the conduct of its business and reasonable changes in its methods so long as they do not entrench upon contract rights or violate statutory mandates.
5. A rule adopted by a telephone company that collectors would no longer be sent to subscribers, but bills would be mailed monthly and payment must be made by the subscriber at the company's office not later than the 15th of the month, was reasonable.

6. The company had the right, without incurring a penalty under
sec. 1791a, Stats., to discontinue the service of a subscriber
who, after due notice of such rule, refused to pay at the com-
pany's office, basing such refusal upon a void oral agreement
that collections would be made at his office.

7. A tender of payment in such case to the manager of the com-
pany at the subscriber's office was not a lawful tender, the
company not being obliged to receive payment there at the
time it was offered.

Appeal from a judgment of the circuit court for Kenosha
county: W. B. Quinlan, Judge. *Affirmed.*

Action to recover a penalty under sec. 1791a, Stats. 1913,
for failure to furnish plaintiff *O'Donnell* telephone service.
October 27, 1906, *O'Donnell* entered into a written contract
with the defendant wherein the latter agreed to furnish him
telephone service at the rate of $2.50 per month payable in
advance.   The term of service was to be until the last day of
October, 1907, and thereafter until terminated by thirty days'
written notice by either party.   The contract was silent as to
the place of payment, and contained among other provisions
the following:

"Upon nonpayment of any sum due, . . . the company
may terminate the subscriber's right hereunder immediately,
and sever his connection and remove the instrument."

"Its terms cannot be varied or waived by any representa-
tion or promise of any canvasser or other person, unless the
same be in writing and signed by a contract agent or higher
officer of the company."

Previous to the month of October, 1911, the company had
sent collectors to *O'Donnell* as it had to other subscribers, but
about September 1, 1911, it adopted a rule applicable to all
subscribers that collectors would no longer be sent, but bills
would be mailed monthly to each subscriber and payment
must be made by the subscriber at the office of the company
not later than the 15th of the month.   Written notice of such
rule was sent to *O'Donnell* and to the other subscribers on or

about the 1st day of September, 1911. A like notice was sent to each subscriber including *O'Donnell* about October 1st. October 15th and October 21st the company sent further notices to him calling his attention to his unpaid account of $2.50 for the current month and requesting payment thereof, and again on October 26th it sent him a further notice of his unpaid account stating that unless it was paid at the company's office by 12 o'clock noon of October 30th his telephone connection would be severed and the instrument removed. On October 30th it again twice requested him to pay his account at its office.

*O'Donnell* refused to pay his account at the office of the company, claiming that he had an oral agreement with the company, entered into on its behalf by the canvasser who secured his contract, that collections should be made at his office. On or about October 28th he called the manager of the company to his office and there tendered him the amount due the company for the month of October. The manager refused to receive it on the ground that he was instructed by his superior officers not to receive payments except at the company's office. About 6 o'clock in the afternoon of October 30th the company disconnected plaintiff's service, since which time it has not been resumed, nor has he made any request accompanied by a tender for a resumption of the service.

The trial court made eleven separate conclusions of law, some of which were to the effect that the written contract could not be varied by parol; that the rule requiring payment at the company's office did not change the terms of the contract between the parties; that it was a reasonable rule; that plaintiff was in default and the company rightfully disconnected his service and had incurred no penalty under sec. 1791*a*. From a judgment in favor of the defendant the plaintiffs appealed.

For the appellant *O'Donnell* there was a brief by *Calvin*

*Stewart,* and oral argument by *Mr. Stewart* and *Mr. Alfred L. Drury.*

For the respondent there was a brief by *Cavanagh, Barnes & Cavanagh,* attorneys, and *Miller, Mack & Fairchild,* of counsel, and oral argument by *C. D. Barnes* and *A. W. Fairchild.*

VINJE, J. In view of the effect of the written contract entered into between the parties a number of questions argued in the briefs need not be considered. In addition to the provision in the body of the contract that it could not be varied except in writing signed by a contract agent or higher officer of the company, its first line reads: "This contract cannot be varied except as herein stated." Provisions restricting the authority of agents or employees of a corporation to vary, or add by parol to, the terms of a written contract prepared by it for execution are reasonable and valid. The oral agreement, therefore, entered into between *O'Donnell* and the canvasser of the company as to the place of payment was void if it varied or added to the terms of the written contract.

Where a contract for the payment of money is silent as to the place of payment, in the absence of any legitimate inferences to the contrary the law implies that payment shall be made at the residence, office, or place of business of the creditor, if within the state. *Bain v. Wilson,* 24 Ky. 202; *Galloway v. Standard F. Ins. Co.* 45 W. Va. 237, 31 S. E. 969; *Dockham v. Smith,* 113 Mass. 320; 30 Cyc. 1185. The same rule was announced in *Hale v. Patton,* 60 N. Y. 233, but in that case the creditor was absent from the state and it was held not to apply. In *Moore v. Davidson,* 18 Ala. 209, the court held that, where a contract for the payment of money was silent as to the place of payment, parol evidence was inadmissible to show that it was different than that of the place of contract. It is a general rule that in the absence

of a valid contract to the contrary the debtor of money must seek the creditor, if the latter be within the state and his residence therein is ascertainable, and there make payment. 22 Am. & Eng. Ency. of Law (2d ed.) 533 and cases cited. It follows that the parol contract relied upon varied the terms of the written contract and was void because expressly forbidden by such written contract.

The right of the company to make reasonable changes in its method of doing business, so long as such changes did not entrench upon contract rights or violate statutory mandates, cannot be questioned. Reasonable rules for the conduct of business may always be made subject to the limitations above stated. The rule here made was reasonable in its nature, one no doubt productive of less confusion and mistakes, and tending to a more economical administration of the affairs of the company, and not unreasonably burdensome upon the subscribers. In *Magruder v. Cumberland T. & T. Co.* 92 Miss. 716, 46 South. 404, 16 L. R. A. N. s. 560, it was expressly held that the custom of a telephone company to send collectors may upon sufficient notice be abandoned and the subscribers may be compelled to pay at the company's office. So also a rule requiring subscribers to pay within a reasonable time may be enforced. *Rushville C. T. Co. v. Irvin,* 27 Ind. App. 62, 59 N. E. 327.

There can be no question in this case but that repeated timely notices of the change were given to *O'Donnell.*

The tender to the manager at the office of *O'Donnell* was not such tender as to render the company liable, for it was not obliged to receive payment there at the time it was offered. Under the circumstances of this case it could insist upon a compliance with its reasonable regulation as to place of payment.

*By the Court.*—Judgment affirmed.