[Civil No. 1891. Filed April 19, 1921.]

[197 Pac. 231.]

# G. E. GARNER, Appellant, v. ARIZONA EGYPTIAN COTTON COMPANY, a Corporation, Appellee.

1. CHATTEL MORTGAGES—MORTGAGE HELD TO SET OUT PLACE OF PAYMENT.—Chattel mortgage, giving the residence of the mortgagor and mortgagee as particular county, and describing the mortgaged property as cotton to be grown on land in such county, acknowledged and verified before a notary public of such county and placed of record with the county recorder of such county, *held* valid under Civil Code of 1913, paragraph 4124, requiring mortgage to specify place of payment of mortgage debt; it being apparent from the mortgage that the debt was payable in such county.

2. CHATTEL MORTGAGES — STATUTE REQUIRING MORTGAGE TO SET OUT CERTAIN FACTS CONSTRUED.—Civil Code of 1913, paragraph 4124, making a chattel mortgage invalid except as between the parties "unless the residence of the mortgagor and mortgagee, the sum to be secured, the rate of interest to be paid, when and where payable, shall be set out in the mortgage," does not require such facts to be expressly stated; it being sufficient if the facts can be ascertained from the language of the mortgage as a whole.

3. RECORDS—INSTRUMENT MAY REFER TO OTHER PAPERS OF RECORD.—For the purpose of notice, a recorded instrument may refer to other papers of record and in such case will be treated and considered as having set out the contents of such other papers.

4. EVIDENCE—PARTIES TO RECORDED INSTRUMENT PRESUMED TO HAVE BEEN OF LEGAL AGE AND SOUND MIND.—It will be presumed that the parties to recorded instrument were of legal age and of sound mind.

5. CHATTEL MORTGAGES—PRESUMED PAYABLE AT PAYEE'S RESIDENCE OR PLACE OF BUSINESS IN ABSENCE OF CONTRARY STATEMENT.—When the residence of the mortgagor and mortgagee and the payer and payee of the notes secured is in the same county, it will be presumed, in the absence of a statement in the mortgage or notes as to the place of payment, that the notes are payable at the residence, office, or place of business of the payee.

6. CHATTEL MORTGAGES—CONSTRUED AS VALID, IF STATUTE SUBSTANTIALLY COMPLIED WITH.—Chattel mortgages will be sustained where there has been an honest and substantial compliance with the statute.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Reversed, with directions that new trial be granted.

Messrs. Cox & Moore, for Appellant.

Messrs. Armstrong, Lewis & Kramer, for Appellee.

ROSS, C. J.—The appellee, Arizona Egyptian Cotton Company, bought from one Benjamin Anderson some cotton, paying therefor the sum of two hundred and seventy-four dollars and forty cents. The appellant, Garner, claiming said cotton as mortgagee from Anderson, brought this action against the cotton company for the reasonable value thereof, alleging it to be the sum of two hundred and seventy-four dollars and forty cents.

Upon the trial the defendant objected to the introduction of the chattel mortgage and notes in evidence, for the reason that it was not set out in said chattel mortgage where the money which said chattel mortgage secured was payable. The objection was sustained, and, upon the motion of defendant, the jury returned an instructed verdict in favor of defendant, and judgment was entered accordingly.

The ruling of the court in rejecting the chattel mortgage as evidence is assigned as error. As I understand the objection and the ruling thereon, the chattel mortgage was rejected solely on the ground that it was not set out therein "where" the sum secured was payable. The ruling of the court must find justification, if at all, in the language of our statute defining the form and contents of a chattel mortgage. It is found in paragraph 4124, Civil Code, and reads as follows:

"No chattel mortgage shall have any legal force or effect except between the parties, unless the resi-

dence of the mortgagor and mortgagee, the sum to be secured, the rate of interest to be paid, when and where payable, shall be set out in the mortgage; and the mortgagor and mortgagee shall make affidavit that the mortgage is *bona fide* and made without any design to defraud or delay creditors, which affidavit shall be attached to such mortgage."

The chattel mortgage in question sets out the residence of the mortgagor and mortgagee, the sum to be secured, the rate of interest to be paid, and when payable, but it fails to set out in express language where it is payable. It gives the residence of the mortgagor and mortgagee as Maricopa, county, Arizona, describes the cotton mortgaged as cotton to be grown on land in Maricopa county, is acknowledged and verified in due form before a notary public of Maricopa county, and was placed of record with the county recorder of said county, as provided by law. It states the sum secured to be eight hundred and fifty dollars, evidenced by three promissory notes from Anderson, the mortgagor, to Garner, the mortgagee, of the same date as the mortgage, to wit, March 16, 1918, due respectively April 16, November 16, and December 16, 1918, with interest at ten per cent payable semi-annually. The notes and mortgage are of the same date and between the same parties, and were doubtless executed and delivered at the same time and place, and their situs, for the purpose of notice or payment, would be the same.

If, notwithstanding the presence of these things, the mere omission to write in the body of the mortgage that the sum to be secured was payable, for instance, "in Maricopa county," or "in Phoenix," or "at the residence of G. E. Garner," deprives it of "any legal force or effect" as to all the world "except as between the parties," then the court properly ruled it out as evidence; but I am of the opinion that the place where the sum secured was payable, in con-

templation of law, is set out sufficiently to meet any reasonable or fair construction of the legislative language. I think the place of payment can be as definitely determined from the face of the instrument as the place of the residence of the mortgagor and mortgagee can be determined, and more so. I do not construe the language "shall be set out in the mortgage" to mean that all the preceding things shall be written out in words, but that it is sufficient if from all the language of the instrument it can be ascertained from a reading thereof where the mortgagor and mortgagee reside, the sum to be secured, the rate of interest to be paid, and when and where payable. An ordinary layman, without the aid of legal inferences, would naturally conclude after reading this mortgage that the place of payment was Maricopa county, because there is where the parties reside, where the property is, where the mortgage and notes were signed, executed, and delivered, and where the mortgage was recorded.

If it be admitted that the intention of the legislature was that a chattel mortgage failing to set out, that is, write out, the place where the debt secured was payable, should be of no legal force or effect except as between the parties, it would also have to be admitted that the purpose of such requirement was that any person dealing or desiring to deal with the property covered by the mortgage could, by going to the office of the county recorder and examining the record, find out therefrom where the debt secured was payable. If the instrument as recorded contains within its four corners the information, whether it be written out in so many words or whether it is "set out" therein otherwise, the intent and purpose of the legislature is achieved, and that is as it should be.

"When the intention of a statute is plainly discernible from its provisions, that intention is as ob-

ligatory as the letter of the statute, and will even prevail over the strict letter. The reason of the law, as indicated by its general terms, should prevail over its letter, when the plain purpose of the act will be defeated by strict adherence to its verbiage." 25 R. C. L. 967, § 222.

The expression "shall be set out in the mortgage" does not necessarily mean that the things referred to shall be literally written out in words. For the purpose of notice, a recorded instrument may refer to other papers of record and, in such case, the contents of the latter will be treated and considered as "set out" in the former. *Northwestern National Bank* v. *Freeman,* 5 Ariz. 106, 81 Pac. 1127; Id., 171 U. S. 620, 43 L. Ed. 307, 19 Sup. Ct. Rep. 36. A part of every instrument is the presumption that the contracting parties are of legal age and of sound mind, as much so as if written into the instrument. When the residence of the mortgagor and mortgagee, the payer and payee, of the notes secured, is in the same county, in the absence of a statement in the mortgage or notes as to the place of payment, it is presumed to be at the residence, office, or place of business of the payee of the notes, and in some jurisdictions this presumption is irrebuttable by parol testimony. *State* v. *Kenosha Home Tel. Co.,* 158 Wis. 371, Ann. Cas. 1916E, 365, and note; 148 N. W. 877; *Lawson* v. *Tripp,* 34 Utah, 28, 95 Pac. 520; *De Wolf* v. *Johnson,* 10 Wheat. 367, 6 L. Ed. 343 (see, also, Rose's U. S. Notes).

In *State* v. *Kenosha Home Tel. Co.,* the rule is stated as follows:

"Where a contract for the payment of money is silent as to the place of payment, in the absence of any legitimate inferences to the contrary, the law implies that payment shall be made at the residence, office, or place of business of the creditor, if within the state."

It would be absurd to suggest any inference other than that the sum secured by the chattel mortgage should be paid in Maricopa county, in view of the whole context of the mortgage.

If the place of payment had been described as in Maricopa county, it would have been sufficiently definite, under the California decisions, from which state paragraph 4124, with some changes, was originally taken. *Ede* v. *Johnson,* 15 Cal. 53. In this case it was held a sufficient compliance with the statute to set out the county of the residence of the mortgagor and mortgagee, as such a statement ''is as specific as the terms of the statute seem to require.'' As a matter of fact, the place of payment set out in the present mortgage is the mortgagee's ''residence, office or place of business,'' within Maricopa county, and is much more definite than the terms of the statute.

The Ede-Johnson case is also authority that the requirements of the statute regarded as matter of description, intended for the purpose of identification, are not indispensable requisites of the mortgage as their omission from the mortgage ''can have no effect as against third parties.'' It was accordingly held that the omission to state in the mortgage (as the statute then required and as ours formerly did) the profession, trade, or occupation of the parties, did not affect its validity. That the ruling of the court is eminently sound and just is too evident for argument. I cannot see that the omission to write into the present mortgage in words the place of payment of the debt secured is more fatal to · the instrument than the omission to state the profession, trade, or occupation of the parties was when the statute seemed to require that as a *sine qua non* to its validity. The place of payment, at most, it seems to me, is matter of description, and when it can be identified from the body

of the instrument, it is not only a substantial but a literal compliance with the statute.

Appellee claims that the *Gassner* v. *Patterson* case, 23 Cal. 299, decided the identical question at issue adversely to appellant in 1863, eight years before we adopted paragraph 4124 from that state. In that case the property mortgaged was two billard-tables kept in the saloon of the mortgagor. The law at the time did not permit the mortgaging of that kind of property without actual and continued change of possession of the mortgaged property, and there was no such change in that case. In addition thereto, the mortgage did "not set out the rate of interest to be paid on the sum secured, or when or where the mortgage debt is payable." One Timson, with actual knowledge of the existence of the mortgage, bought the billiard-tables at an execution sale and, because of the fact that a mortgage of that kind of property was not valid under the California law, as it then existed, without a change of possession, and because of the omission to state the rate of interest, time and place of payment in the mortgage, Timson's title was upheld, and it was there said:

"The courts have no right, no power, to extend the statute by construction, so as to include property not mentioned in it, or to dispense with any of the conditions the legislature has seen fit to impose."

There can be no serious quarrel with this statement when viewed in the light of the facts in that case. In the first place, the property was not of the kind that could be mortgaged in the manner undertaken. That of itself, it appears to me, was sufficient ground to hold it invalid. In the second place, the time of payment was omitted, a very essential condition to every agreement to pay money.

I do not consider the omission to state the rate of interest as a serious defect, as that—like the place of

payment—might be presumed to be the legal rate in the jurisdiction where the contract was made. At any event, it is entirely probable—indeed, I think quite certain—that had the property been of the kind permitted to be mortgaged, and had the only omission been, as in the present case, the place where the debt secured was payable, the decision of the Supreme Court of California would have been very different from what it was.

In *First Nat. Bank* v. *Clifton Armory,* 14 Ariz. 360, Ann. Cas. 1915A, 1061, 128 Pac. 810, this court held a chattel mortgage, under paragraph 3282, Revised Statutes of Arizona of 1901 (paragraph 4124, Rev. Stats. 1913), good, even though it was not signed by the mortgagor. To do so, of course, the whole instrument was looked to, and therefrom it was determined that, notwithstanding the absence of such signature, it was the act and deed of the mortgagor. This was a liberal construction, but the ends of justice demanded it, and the court did not hesitate to uphold the instrument.

In *National Cash Register Co.* v. *Bradbury,* 12 Ariz. 99, 95 Pac. 180, it was held that a conditional bill of sale "duly signed by the parties," under paragraph 2702, Revised Statutes of 1901 (paragraph 3278, Civ. Code 1913), could be recorded in the same manner as chattel mortgages are by law required to be filed and recorded, and that statute makes such conditional sales, when recorded, constructive notice.

In *Stephen* v. *Patterson,* 21 Ariz. 308, 188 Pac. 131, we held that an equitable lien on mining claims was entitled to record without verification or acknowledgment, and that the same "was constructive notice to subsequent purchasers, though recorded in the book for miscellaneous instruments and not in one of the books for mortgages."

I cite these last three cases to show that this court has adopted the very liberal policy of trying to see that the agreements of parties as they intend them are carried out, and that when they rely upon our registration laws, as they have a right to do, they shall receive the protection therefrom that the lawmakers intended they should receive.

As was said in *American Soda Fountain Co.* v. *Stolzenbach,* 75 N. J. L. 721, 127 Am. St. Rep. 822, 16 L. R. A. (N. S.) 703, 68 Atl. 1078, where the validity of a chattel mortgage was involved:

"In the absence of fraud, instruments so common in the course of commercial transactions by the laity should be sustained whenever there is an honest and substantial compliance with the statute. Criticisms directed to matters of artifice rather than to those of substance ought not to prevail."

In *Kelly* v. *Calhoun,* 95 U. S. 710, 24 L. Ed. 544, the sufficiency of an acknowledgment to a deed was involved, and the court made this very apt remark:

"Instruments like this should be construed, if it can be reasonably done, *ut res magis valeat quam pereat.* It should be the aim of courts, in cases like this, to preserve and not to destroy. Sir Matthew Hale said they should be astute to find means to make acts effectual, according to the honest intent of the parties."

In *Alferitz* v. *Ingalls* (C. C.), 83 Fed. 964, it is said:

"The canon of construction is to solve the doubts, if any exist, in favor, rather than against, the validity of a written instrument."

And this canon we quoted with approval as applicable to parol agreements in *Hall* v. *Rankin, ante,* p. 13, 193 Pac. 756.

I conclude that the views herein expressed are in harmony with the statute and possess the merit of protecting parties charged with no fraud or bad faith

in the rights they intended to acquire under the law. It was error for the court to reject the mortgage as evidence.

The judgment is reversed and cause remanded, with directions that a new trial be granted.

BAKER and McALISTER, JJ., concur.