[Civil No. 2298.    Filed May 22, 1925.]

[236 Pac. 713.]

ALBERT STEINFELD & CO., a Corporation, Appellant, v. SOUTHERN ARIZONA BANK & TRUST COMPANY, a Corporation, Appellee.

1. CHATTEL MORTGAGES—CHATTEL MORTGAGE, NOT STATING WHERE SUM SECURED WAS PAYABLE, HELD NOT ENTITLED TO PRIORITY OVER SUBSEQUENT ATTACHMENT LIEN.—Chattel mortgage securing notes, not stating where sum secured was payable, *held* invalid as against subsequent attachment lien, in view of Civil Code of 1913, paragraph 4124, where it did not appear whose notes mortgage was given to secure; appellate court not indulging presumption that mortgagee was payee of notes or that mortgagor was payor.

2. CHATTEL MORTGAGES—MORTGAGE DEBT IS PAYABLE WHERE NOTES ARE DATED, MADE, AND DELIVERED. — Mortgage debt is payable where notes are dated, made and delivered, in absence of another place being named therein.

3. CHATTEL MORTGAGES—CHATTEL MORTGAGE MUST CONFORM TO STATUTE OR SECURITY WILL BE LOST.—Parties taking chattel mortgages must see that such instruments conform to statute in fact, or near enough that legal inferences will come to their aid or run risk of losing their security.

See (1) 11 **C. J.**, p. 474 (1926 Anno.). (2) 11 **C. J.**, p. 674 (1926 Anno.). (3) 11 **C. J.**, p. 454.

APPEAL from a judgment of the Superior Court of the County of Pima. George R. Darnell, Judge.

3. See 5 **R. C. L.**, 391,

Judgment reversed and cause remanded with directions.

Mr. Charles Blenman and Messrs. Curley & Pattee, for Appellant.

Mr. James R. Dunseath, for Appellee.

ROSS, J.—Albert Steinfeld & Co. claims a superior lien on a brand of cattle, ranging in Pima county, belonging to F. C. Mack, by reason of an attachment levy thereon, over the Southern Arizona Bank & Trust Company's prior chattel mortgage on the same cattle, because, it is said, the mortgage is void in not stating where the sum secured is payable. The trial court held the mortgagee's mortgage lien superior to the subsequent attachment lien. Hence this appeal.

It is claimed by the appellee, and it is probable that was the view taken by the trial court, that the facts of this case bring it within the rule laid down in *Garner* v. *Arizona Egyptian Cotton Co.*, 22 Ariz. 318, 197 Pac. 231. In that case (as in this case) the question was as to whether the chattel mortgage involved sufficiently complied with the requirements of paragraph 4124 of the Civil Code, reading as follows:

"No chattel mortgage shall have any legal force or effect except between the parties, unless the residence of the mortgagor and mortgagee, the sum to be secured, the rate of interest to be paid, when and where payable, shall be set out in the mortgage . . . "

—and therefore entitled the mortgagee to the property as against an attaching creditor. In that case we held that from the whole context of the instrument the place of payment of the sum secured sufficiently appeared; that it was not necessary that the place of payment be expressly set out in the mort-

gage, if from the whole context thereof the law could step in and by implication fix the place of payment. The facts in the Garner case were that the promisor and promisee of the mortgage and notes were the same persons both residing in Maricopa county, where the property was situate; that the instruments were executed on the same date, and the mortgage was verified before a notary public of said county and recorded therein. In fact, the mortgage had expressly set out in it all the things required by paragraph 4124, *supra,* except the place of payment. The present mortgage is like the mortgage in the Garner case, except it fails to state whose notes the mortgage was given to secure; the provision in that regard being:

"This conveyance is intended as a mortgage to secure the payment of two certain promissory notes dated January 15, 1919, one of which is for the sum of three thousand ($3,000.00) dollars with interest due and payable at the rate of eight (8) per cent. per annum on the 15th day of June, 1919, and another note for the sum of twenty-four thousand ($24,000.00) dollars with interest at the rate of eight (8) per cent. per annum due and payable on the 15th day of January, 1920."

"The sum to be secured" is represented by the notes. The giving of security is but an incident to .the debt and one of the means of securing its payment. The mortgagor, as a matter of fact, may not be the maker of the note. There is no reason why a party may not mortgage his property, and it is sometimes done, to secure the debt of another person. Likewise the mortgagee may not be the payee of notes; it may have become the owner through discounting them. The notes, so far as appears, may have been dated and made and delivered in New York, and if so that is where the debt would be payable, in the absence of another place being named therein.

*Weyand* v. *Park Terrace Co.*, 202 N. Y. 231, Ann. Cas. 1912D, 1010, 36 L. R. A. (N. S.) 308, 95 N. E. 723; *Walker* v. *Lovitt*, 250 Ill. 543, 95 N. E. 631. In the latter case the syllabus reads:

"Where a contract for the payment of money is silent on the subject, the place of payment is the place where the contract is made; the debtor being required to seek the creditor at his domicile or place of business."

We cannot indulge the presumption that the appellee was the payee of the notes, or that Mack was the payer, although that relation, generally speaking, may exist between the parties to a mortgage given to secure a debt evidenced by notes. If it appeared that the appellee was the payee of the notes, we could, under the rule in the Garner case, indulge the legal inference that the place of payment was at its place of business or banking house in Tucson, Pima county. Under paragraph 4124, the requirement seems to be that the mortgage shall state where the sum to be secured is payable. If the requirement were that the mortgage show on its face where the *mortgage* was to be paid, we would have little difficulty in holding that sufficient facts are stated from which we could conclude that it was to be paid in Pima county, where the mortgaged property is situate and where the mortgagor and mortgagee reside. But that is not the case. It is the place of payment of the sum to be secured, and not the place where the security is or may be subjected to such payment, that must be set out in the mortgage. The mortgage fails to state facts showing where the sum to be secured was to be paid, or facts from which the law will presume the locality of such payment. Therefore the rule of the Garner case is not controlling, and in following it the court erred.

The provision of the law requiring the mortgage to set out the place where the sum to be secured by

it is payable, may appear to be an unnecessary particularity, but, if so, the blame should attach to those responsible for it.   Parties taking chattel mortgages must see to it that such instruments conform to the terms of the statute in fact or near enough that legal inferences will come to their aid (as in the Garner case) or run the risk of losing their security.

The judgment is reversed, and the cause remanded, with directions that further proceedings be had not inconsistent with this opinion.

McALISTER, C. J., and LOCKWOOD, J., concur.